■ THOMAS ALAXANIAN, JR., Appellant, v CITY OF TROY et al., Respondents, et al., Defendant.—Appeal (1) from an order of the Supreme Court at Special Term, entered June 22, 1978 in Rensselaer County, which granted a motion by defendants to dismiss the complaint for failure to state a cause of action and denied, in part, plaintiff's cross motion for leave to replead, and (2) from the judgment entered thereon. This action arises from the arrest of plaintiff by the individual defendants, members of the Troy Police Department, and the subsequent dismissal of the charges. The amended complaint alleges five causes of action, including false arrest, false imprisonment, malicious prosecution, assault and battery, and violation of plaintiff's civil rights. Special Term dismissed all causes of action but permitted plaintiff to replead the second cause of action for assault and battery. This appeal ensued. Initially, we note that the appeal against the County of Rensselaer has been withdrawn, and thus completely disposes of the cause of action for malicious prosecution. Since the court permitted repleading of the assault and battery cause of action, we will concern ourselves with the remaining three. The record reveals that the notice of claim did not set forth any cause of action for a violation of civil rights. Special Term, therefore, properly dismissed said cause of action since there was a failure to comply with section 50-e of the General Municipal Law (Kieninger v City of New York, 53 AD2d 602). As to the remaining two causes of action, a reading of the amended complaint demonstrates a failure to allege any evidentiary facts to support a cause of action for either false arrest or false imprisonment. Mere conclusory statements are insufficient (Zelenski v Incorporated Vil. of Patchogue, 51 AD2d 1055; Loudin v Mohawk Airlines, 24 AD2d 447). Furthermore, the only affidavit in opposition to the motion was submitted by plaintiff's attorney. In our view, Special Term properly dismissed these cause of action and denied permission to replead (Young v Nelson, 23 AD2d 531). Order and judgment affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.