■ EDWARD G. RYMANOWSKI, Respondent, v PAN AMERICAN WORLD AIRWAYS, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 9, 1978 in Albany County, which granted plaintiff's application for reargument and, upon reargument, vacated the court's prior order granting summary judgment in defendant's favor. This is an action to recover compensatory and punitive damages arising out of the loss of plaintiff's baggage while he was a passenger on a Pan American World Airways, Inc. (Pan Am), flight. Special Term granted Pan Am's motion for summary judgment, but, upon reargument, vacated that order and set the matter down for trial. On March 1, 1976, plaintiff arrived in Caracas, Venezuela, via a Quantas Airline flight. He was to continue on to San Juan, Puerto Rico, on board Pam Am's Flight No. 0466. According to plaintiff's allegations, he was advised by a customs officer that although he was in transit, his baggage could not pass through customs without an inspection. Plaintiff declared the contents of his baggage, which was then taken by a customs agent who gave plaintiff a customs receipt therefor. Plaintiff, suspicious of the customs personnel, complained to a Pan Am agent who was checking him onto the San Juan flight. The agent took the customs receipt, assured plaintiff that his baggage was on the plane, gave him a receipt therefor, but refused to permit plaintiff to examine his baggage. Upon arriving in San Juan, plaintiff presented his baggage receipts; however, his baggage could not be found. Pan Am subsequently paid plaintiff $400 for his lost baggage, the maximum liability under the Warsaw Convention and Pan Am's tariff for international flights. Plaintiff, however, argues that the limitations of the Warsaw Convention are inapplicable because the loss of his luggage was due to the willful misconduct of Pan Am and its agents. Subdivision (1) of article 25 of the Warsaw Convention [49 US Stat 3000] provides that a carrier may not avail itself of the provisions limiting liability where the damage is caused by the carrier's "wilful misconduct or by such default on [the carrier's] part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct". Additionally, subdivision (2) provides that the limitations are unavailable where the damage is due to the willful misconduct of "any agent of the carrier acting within the scope of his employment". In an affidavit submitted in support of plaintiff's motion for reargument, plaintiff stated that three weeks after the loss of his baggage, a Pan Am employee in Denver, Colorado, informed him that "Pan Am at Caracas was notorious for bags disappearing". Plaintiff further stated that an unidentified official of an "official agency" told plaintiff that there is much "corruption and collusion in this area of the western hemisphere". Plaintiff takes the position that his baggage was not merely lost, but rather was converted to the use of a Pan Am agent and/or accomplice due to the collusion between customs officers and Pan Am's agents in Caracas. Pan Am, on the other hand, contends that plaintiff fails to state a cause of action against it. We agree. With respect to subdivision (1) of article 25, the record contains no basis for concluding that the loss of plaintiff's baggage resulted from Pan Am's willful misconduct. As stated in *Goepp v American Overseas*

*Airlines* (281 App Div 105, 111, affd 305 NY 830, cert den 346 US 874) willful misconduct, as it applies to the Warsaw Convention, requires "a conscious intent to do or to omit doing the act from which harm results to another * * * The burden of establishing wilful misconduct rests upon plaintiff." (See, also, *International Mining Corp. v Aerovias Nacionales De Columbia S. A.,* 57 AD2d 64, 68-69; *Berner v British Commonwealth Pacific Airlines,* 346 F2d 532, 536-537; *Grey v American Airlines,* 227 F2d 282, 285.) An affidavit submitted by plaintiff's attorney, based on information acquired from plaintiff, states that Pan Am has attempted to cover up the collusion between its agents and customs officers in Caracas which resulted in the conversion of plaintiff's luggage. However, an "attorney's affidavit, unless he happens to have first-hand knowledge * * * has no probative force" on a motion for summary judgment (Siegel, New York Practice, § 281, p 337). Plaintiff's own affidavit contends that Pan Am was on notice of the collusion between its agents and the customs officers and that, therefore, he should have been given an opportunity to inspect his baggage. However, since plaintiff alleges, that Pan Am agents were in collusion with the customs officers, this contention is governed by subdivision (2) of article 25 of the Convention, dealing with the willful misconduct of a carrier's agents. The damage due to the willful misconduct of a carrier's agent must, as noted, result from his "acting within the scope of his employment". An employee acts within the scope of his employment "when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities" *(Lundberg v State of New York,* 25 NY2d 467, 470). Nowhere does plaintiff allege that Pan Am's agents were acting within the scope of their employment; to the contrary, he charges theft and collusion, tortious acts foreign to the interests of Pan Am for which it cannot be held liable *(Sauter v New York Tribune,* 305 NY 442, 444; *Riviello v Waldron,* 63 AD2d 592; *Moritz v Pines Hotel,* 52 AD2d 1020). We conclude, therefore, that summary judgment should have been granted in favor of Pan Am. Finally, we point out that plaintiff's reliance upon *Cohen v Varig Airlines, S. A.* (62 AD2d 324) is misplaced since there, the airline's refusal to unload plaintiff's luggage was motivated by a business determination to avoid the expense of unloading, which, the court concluded, constituted willful misconduct in accordance with subdivision (1) of article 25 of the Convention. Order reversed, on the law; defendant's motion for summary judgment granted, and complaint dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Mikoll, JJ., concur.