■ IRENE AUSTIN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61472.)—Appeal from so much of an order of the Court of Claims, entered June 12, 1978, as denied the State's motion to dismiss subparagraph 2h of the amended claim. The Court of Claims granted most branches of the State's motion to dismiss claimant's amended claim, but ruled that the pleading did contain a viable cause of action for the intentional infliction of emotional harm. On this appeal by the State for additional relief, there is no contention that claimant has failed to allege any of the requisite elements of such a cause of action. Instead, it is maintained that dismissal is warranted because claimant has made the inapplicability of *respondeat superior* plain in her claim or has abandoned reliance on that theory. We disagree. It is the nature of the transaction, not the name given to it, which must control a dismissal motion (cf. *Foley v D'Agostino,* 21 AD2d 60) and, since it appears that the acts here complained of were undertaken by one alleged to be an employee of a State institution, the arguments of claimant's attorney indicating various theories are of no significance. Moreover, whether an employee's activities will generate liability on the part of his employer ordinarily depends on factual considerations (cf. *Makoske v Lombardy,* 47 AD2d 284, affd 39 NY2d 773). Thus, while the issue might be resolved by way of summary judgment in an appropriate case, it is not reached in the determination of this motion to dismiss for failure to state a cause of action. Order affirmed, without costs. Sweeney, Kane, Main and Mikoll, JJ., concur.

Greenblott, J. P., dissents and votes to reverse in the following memorandum. Greenblott, J. P. (dissenting). In my view, subparagraph 2h of the amended claim, which alleges that a State University instructor intentionally and *maliciously inflicted emotional harm upon claimant,* a student, should also have been dismissed for failure to state a cause of action. The instructor's conduct of which claimant complains was obviously neither within the scope of his employment nor done in furtherance of his duties to his employer, the State (see, e.g., *Sauter v New York Tribune,* 305 NY 442, 444; *Rymanowski v Pan Amer. World Airways,* 70 AD2d 738; *Riviello v*

*Waldron,* 63 AD2d 592; *Mortiz v Pines Hotel,* 52 AD2d 1020). Since the claim nowhere alleges specifically that the instructor was acting within the scope of his employment or facts from which such an allegation could be inferred, a cause of action against the State based upon a theory of *respondeat superior* has not been set forth (see 57 CJS, Master and Servant, § 614). Moreover, in an opposing affidavit, claimant's counsel, presumably aware of the above legal principles, specifically stated that the amended claim "does not seek to hold the State liable in tort on a theory of *respondeat superior* for the tortious conduct" of the instructor. Instead, he claims that a cause of action against the State has been set forth properly based upon a theory of negligent supervision by the instructor's supervisors. However, since the cause of action is based upon conclusory statements unsupported by any factual allegations, the claim should have been dismissed *(Alaxanian v City of Troy,* 69 AD2d 937). Accordingly, I respectfully dissent and vote to reverse.