■ KIMBERLY A. BOYLE, Respondent, v AMERICAN AIRLINES, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered December 4, 1981 in Saratoga County, which denied defendant's motion for summary judgment. Plaintiff's suitcase containing over $6,000 worth of personalty was checked for her airline trip from Albany on April 20, 1979, but not returned to her upon arrival in Chicago. Defendant paid plaintiff $750, claiming said sum to be the limit of its liability under the Local and Joint Passenger Rules Tariff No. PR-6 promulgated by the Civil Aeronautics Board. Plaintiff received $5,337.92 from her own insurer, Hartford Accident and Indemnity Company, which commenced this action in her name as subrogee. Special Term denied defendant's CPLR 3212 motion for summary judgment dismissing the complaint, and this appeal ensued. Initially, Special Term found that plaintiff's cashing of defendant's check for $750 failed to unequivocally establish an accord and satisfaction such as to bar this action. We agree. The check bore no legend to indicate its acceptance would constitute full payment or settlement of a larger disputed claim, and defendant's covering letter, while stating "[o]ur tariff limits our liability to $750", also stated "[t]his will not cover your loss in full." Defendant's payment of its admitted liability of $750 is not payment of or consideration for an alleged accord and satisfaction of another and independent alleged liability (*Manley v Pandick Press,* 72 AD2d 452, 455, app dsmd 49 NY2d 981, citing *Hudson v Yonkers Fruit Co.,* 258 NY 168). The debtor must make it clear that the check which is sent is offered only on the condition that it is taken in full payment (*Manley v Pandick Press,* 72 AD2d 452, 455-456, *supra*). It is further well settled that where a debtor tenders less than full payment of a disputed unliquidated claim, there must be a clear manifestation of intent by the debtor that the payment is in full satisfaction of the disputed claim (*Hudson v Yonkers Fruit Co.,* 258 NY 168, 174, *supra; Manley v Pandick Press, supra: Hirsch v Berger Import & Mfg. Co.,* 67 AD2d 30, 34). The affidavits submitted in opposition to the motion for summary judgment and plaintiff's deposition deny that acceptance of $750 was in full satisfaction of the $6,000 claim. Further, as stated above, neither defendant's check nor its covering letter made it clear that the check was tendered in full satisfaction and discharge of all of plaintiff's claim. Special

Term therefore properly found that questions existed as to the intent of the parties which required resolution by a trier of the facts. "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented * * * 'issue-finding rather than issue-determination, is the key to the procedure' "(*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Defendant next contends that its tariff filed with the Civil Aeronautics Board limits its liability to $750. In opposition, plaintiff claims that she explicitly sought to purchase additional insurance from defendant to cover the values in excess of $750, but that defendant's employee advised that it was not available and that he would instead mark the suitcase for "special handling". Further, the limitations of liability provided by the tariff are waived if the actions of the employer comprise willful misconduct (see *Rymanowski v Pan Amer. World Airways*, 70 AD2d 738, affd 49 NY2d 834). Plaintiff claims that defendant's employee Ryan failed to apprise the passenger of the limitation *and* of her option to purchase additional insurance. Although the ticket admittedly set forth the liability limitation, whether plaintiff sought to purchase additional coverage and was refused constitutes a triable issue of fact precluding summary judgment. Finally, defendant's argument that plaintiff's insurance company is barred from bringing this action is misplaced. Defendant neither secured a release from plaintiff nor effected a binding accord and satisfaction, either of which would foreclose the insurer's rights in subrogation. Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.