■ KATHLEEN BARNES-PIERCE, Respondent, v JOSEPH E. MCDERMOTT, Individually and as Chair of CSEA Employee Benefit Fund, et al., Defendants, and C. ALLEN MEAD et al., Individually and as Trustees of CSEA Employee Benefit Fund, Appellants. [603 NYS2d 921] —Mikoll, J. Appeal from an order of the Supreme Court (Travers, J.), entered March 2, 1992 in Rensselaer County, which denied the motion of certain defendants for summary judgment dismissing the complaint against them.

This litigation arises out of the firing of plaintiff from her position as Director of Operations of the CSEA Employee Benefit Fund (hereinafter the Fund) on or about November 29, 1990. On that date defendant Joseph E. McDermott, then Chair of the Fund, sent plaintiff a letter terminating her employment for alleged "involvement in utilization of a Fund vendor in providing private services for other considerations, which you readily admitted in our meeting with Frank Martello on Wednesday, November 28, 1990". A copy of the letter was sent to Martello and to defendant C. Allen Mead, a member of the Fund's Board of Trustees.

Plaintiff was first employed by the Fund as its Office Man-

ager in June 1979. In July 1981, she was promoted to the position of Operations Manager. In July 1983, plaintiff was named Director of Operations and, in July 1986, she became the temporary Fund Director. In June 1988, plaintiff and the Fund's Board of Trustees (hereinafter the Board) executed a written employment agreement providing, *inter alia,* that the Fund would employ her as its Director of Operations for three years (beginning July 1, 1988 and ending June 30, 1991). The position of Director of Operations was second-in-command to that of Fund Director. The latter position became vacant on June 30, 1989 and plaintiff sought to fill that vacancy but was passed over. Instead, McDermott appointed Frank Martello as Fund Director despite Martello's lack of prior experience in the field of benefits administration. Plaintiff continued to serve as the Fund's Director of Operations until she was fired in November 1990.

In February 1991, plaintiff commenced the instant action against the Fund, McDermott, individually and as Chair of the Fund's Board, and against six others, individually and as Trustees of the Fund and Board members. The complaint alleged four causes of action, one for gender discrimination in violation of Executive Law § 296, another for breach of contract and two for defamation. Defendants Mead, Irene Carr, William T. Maccaro, James J. Moore and Elaine Mootry (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. Defendants McDermott and Cindy Der Gurahian did not join in this motion. Plaintiff opposed the motion.

Supreme Court denied the motion, finding that the supporting affidavits of defendants' counsel were made without the affiant's having personal knowledge of the facts and that they therefore lacked probative value *(see, Rymanowski v Pan Am. World Airways,* 70 AD2d 738, *affd* 49 NY2d 834).

On this appeal, defendants argue that the lack of personal knowledge in their counsel's affidavits was not material to the determination of their motion as the documents submitted by them on the motion to which their attorney's affidavit refers were sufficient to establish that plaintiff's complaint failed to state a cause of action against them personally. We disagree. Defendants' papers indicate that triable issues of fact exist. They thus have failed to meet their burden of proving that no such issues exist *(see, Ciaccia v Moore,* 159 AD2d 957; *Proper v Saunders,* 102 AD2d 907, 907-908). Still extant are the factual issues of whether defendants as Trustees are guilty of tortious conduct or of violating Executive Law § 296 for failing to

promote plaintiff and for terminating her employment, as well as whether and to what extent defendants may have acted in bad faith in participating in the decision-making process resulting in plaintiff's not having been promoted and in her termination. There is no reason to believe that defendants' attorney had personal knowledge of the extent of defendants' participation in the alleged actions or that he had personal knowledge that such actions were not the consequence of gender bias. Supreme Court therefore properly denied defendants' motion based on the affiant's lack of personal knowledge (see, supra).

Defendants' contention that, as Trustees, they are not necessary parties to this action because the complaint failed to charge them as individuals with tortious conduct and that the complaint should have been dismissed as against them is rejected. While the "Agreement and Declaration of Trust" executed between CSEA and the Trustees gave the Trustees the authority to hire employees and to terminate them at any time for cause, it made no provision for the Trustees to delegate such power and, absent such provision, they may not do so (see, Matter of Osborn, 252 App Div 438, 444; see also, 106 NY Jur 2d, Trusts, § 333, at 383-384). The agreement does provide that a Trustee may be held personally responsible for liabilities incurred as a result of his or her "willful misconduct, bad faith or gross negligence" or as a result of any "error of judgment or for any loss arising out of any act or omission in the execution of [his or her] duties" as a Trustee, upon a showing that the Trustee did not act "in good faith, and without gross negligence".

We conclude that under the allegations of the complaint, the Trustees may be found liable for the tortious conduct alleged based on their failure to promote plaintiff and on their acquiescence in plaintiff's termination. Triable issues of fact exist as to whether the determinations not to promote plaintiff and to terminate her were the result of gender bias in violation of Executive Law § 296 or whether they constituted a breach of contract, as well as to whether, if plaintiff succeeds on these issues, defendants can be found liable. Thus, Supreme Court properly required the continued presence of defendants as Trustees in this action, especially at this early stage of the proceedings and prior to any discovery.

Weiss, P. J., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.