■ NATIONWIDE REGISTRY & SECURITY, LTD., as Assignee of MANHATTAN DEMOLITION CO., INC., Appellant, v B&R CONSULTANTS, INC., et al.,Respondents. [773 NYS2d 341]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about February 27, 2003, which granted defendant B&R Consultants, Inc.'s motion for summary judgment dismissing the complaint as against that entity, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated. Order, same court and Justice, entered on or about February 27, 2003, which granted defendant SK 55 Wall Street's motion for summary judgment dismissing the complaint as against that entity, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

Defendant SK 55 Wall Street Associates, LLC (SK) is the owner of the premises designated as 55 Wall Street, New York, New York, and defendant B&R Consultants, Inc. (B&R) is the general contractor hired by SK in connection with the construction of a hotel at that location. Manhattan Demolition Co., Inc., as a subcontractor, entered into a written agreement with B&R (the agreement), on or about March 27, 1998, pursuant to which Manhattan Demolition was to perform various demolition work pertaining to "Phase II" of the project. Plaintiff Nationwide Registry & Security, Ltd. has been assigned the rights of Manhattan Demolition with regard to this matter.

Plaintiff's first cause of action asserts that Manhattan Demo-

lition is owed $4,340 by B&R under the agreement. The second cause of action alleges that B&R, SK and Manhattan Demolition entered into a separate, apparently oral, agreement, pursuant to which Manhattan Demolition was to provide various waste container and container pick-up services. Plaintiff maintains that defendants have failed to pay Manhattan Demolition $57,168.42 under that agreement.

Plaintiff's third cause of action arises out of work purportedly performed by Manhattan Demolition under neither of the aforementioned agreements. Rather, plaintiff avers that this work was carried out on a ticket basis, in that Manhattan Demolition would perform work on an as-needed basis and then would write out a ticket detailing the area of work and the employee hours involved. The ticket would subsequently be presented to B&R for approval and an authorized signature. B&R would then submit the tickets to SK at the end of each monthly billing period for payment. Plaintiff maintains that the work delineated on the tickets was unrelated to Phase II, or any other specific phase of the project, and that each ticket constituted a separate contract. Plaintiff contends it is owed $92,695 with regard to the ticket-based work.

The fourth cause of action was interposed against SK for all of the sums allegedly due Manhattan Demolition, and the fifth cause of action seeks $154,203.42 against both defendants pursuant to its "book account."

The final payment purportedly received by Manhattan Demolition was for $55,473.00 in the form of a check, dated July 6, 2000, which listed B&R Consultants as the payor. The check bore the notation pay to the order of "Manhattan Demolition Co. Final Payment Phase II & III," and was negotiated by Manhattan Demolition without any reservation of rights.

Defendants moved, by separate notices of motion, for summary judgment dismissing the complaint on the ground that Manhattan Demolition's unqualified acceptance and negotiation of the check operated as an accord and satisfaction. The motion court agreed, rejected plaintiff's argument, as contradicted by the record evidence, that the final payment designation on the check was smaller than the other printing and illegible, and granted the motions. Plaintiff appeals and we now reverse.

As a general rule, the acceptance of a check in full settlement of a disputed, unliquidated claim, without any reservation of rights, operates as an accord and satisfaction discharging the claim (*Trans World Grocers v Sultana Crackers,* 257 AD2d 616, 617 [1999]; *Complete Messenger & Trucking Corp. v Merrill Lynch Money Mkts.,* 169 AD2d 609, 610 [1991]). The theory

underlying this common-law rule is that the parties have entered into a new contract discharging all or part of their obligations under the original contract (*Merrill Lynch Realty/ Carll Burr v Skinner*, 63 NY2d 590, 596 [1984]; *Complete Messenger & Trucking Corp. v Merrill Lynch Money Mkts., supra* at 610), but there must be a clear manifestation of intent by the parties that the payment was made, and accepted, in full satisfaction of the claim (*Equitable Tower Assoc. v Asarco Inc.*, 127 AD2d 456, 457 [1987]; *Boyle v American Airlines*, 89 AD2d 667 [1982]).

Initially, we find, after a review of the record, that the motion court properly rejected plaintiff's argument that the final payment designation on the check was illegible. The writing is of the same size and character as the other handwritten notations on the check and is easily discernible.

We also find, however, that issues of fact exist as to what obligations under which agreement or agreements the check was intended to discharge. The original contract concerns work to be performed by Manhattan Demolition specifically during Phase II of the project, yet the check refers to "Final Payment, Phase II & III" of a project with an unspecified number of phases. This clearly buttresses plaintiff's assertions that multiple agreements were made for ticket-based work and container services during the various, undesignated phases of the construction. Moreover, B&R acknowledges that the check was tendered even though Manhattan Demolition refused to execute a final waiver of lien, purportedly because Manhattan Demolition felt it was owed more money. Plaintiff also notes that if the check was intended as the final payment for all services rendered, then it is questionable why B&R asserted that it was willing to assist Manhattan Demolition in its attempt to obtain further payment from SK after the check was tendered.

In view of the foregoing, triable issues exist as to what liabilities the check was intended to discharge (*see Equitable Tower Assoc. v Asarco Inc., supra* at 457; *Boyle v American Airlines, supra* at 667-668). Concur—Nardelli, J.P., Saxe, Rosenberger, Williams and Friedman, JJ.