09-4734-cv
Shah v. Kuwait Airways Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand ten.

PRESENT:

> AMALYA L. KEARSE,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
>
> Circuit Judges.

---------------------------------------

Chetna Harish Shah,

> Plaintiff-Appellant,

> - v -                                     No. 09-4734-cv

Kuwait Airways Corporation,

> Defendant-Appellee.

---------------------------------------

Appearing for Plaintiff-Appellant:  Chetna Harish Shah, Bronx, NY, pro se


Appearing for Defendant-Appellee:  Michael J. Holland, Condon & Forsyth LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Gerard E. Lynch, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, VACATED and REMANDED for further proceedings.

Plaintiff Chetna Harish Shah appeals from a decision of the United States District Court for the Southern District of New York granting partial summary judgment in favor of defendant Kuwait Airways Corporation and limiting the amount of the plaintiff's damages to $1,575 on her claim of stolen valuables. <u>Shah v. Kuwait Airways Corp.</u>, 653 F. Supp. 2d 499 (S.D.N.Y. 2009). The plaintiff alleges that in the course of traveling from India to New York, she changed planes in Kuwait City, Kuwait, where she was required to check a bag that she had intended to carry with her on the plane. She alleges that two of the defendant's Kuwait City employees conspired to steal valuables from the checked bag. When the plaintiff arrived in New York and recovered her bag, she found that it had been ripped open and that valuables were missing from it. The plaintiff seeks $25,000 in damages.

For purposes of this appeal, we assume without deciding that the plaintiff's claim arises under the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention") rather than the earlier Convention for the Unification of Certain Rules Relating to International Transportation by Air (the "Warsaw Convention"). If the plaintiff's travel began in the United States for return to the United States, the Montreal Convention applies; if she was traveling one-way from India to the United States, then the Warsaw Convention applies. <u>See</u> <u>Shah</u>, 653 F. Supp. 2d at 504. Although the Montreal Convention provides higher limits of recovery and other relative benefits for the traveler, there is no material distinction between the two treaties for purposes of the narrow issue we address here.

The Montreal Convention limits "the liability of the carrier in the case of destruction, loss, damage or delay [of baggage] to 1000 Special Drawing Rights for each passenger unless the passenger has made . . . a special declaration of interest in delivery at destination and has paid a supplementary sum if the case so requires." Montreal Convention art. 22.2. The plaintiff made no such special declaration here. However, the foregoing provision does not apply where "the damage resulted from an act or omission of the carrier, its servants or agents, done with intent to cause damage or recklessly and with knowledge that damage would probably result; provided that, in the case of such

2

act or omission of a servant or agent, it is also proved that such servant or agent was acting within the scope of its employment."  Id. art. 22.5.

The district court granted partial summary judgment in the defendant's favor, limiting the amount of the plaintiff's damages to $1,575[1] under Article 22.2 of the Montreal Convention.  See Shah, 653 F. Supp. 2d at 506-07.  The court concluded that "theft by individual employees does not void the [Montreal] Convention's limits on carrier liability."  Id. at 506.  In reaching this conclusion, the court relied on Brink's Ltd. v. S. African Airways, No. 94 Civ. 1902, 1995 WL 225602, at *2, 1995 U.S. Dist. LEXIS 5004, at *4-*6 (S.D.N.Y. Apr. 17, 1995) ("Brink's I"), rev'd, 93 F.3d 1022 (2d Cir. 1996) ("Brink's II"), and the cases collected therein.  Shah, 653 F. Supp. 2d at 506.  Brink's I, in turn, relied upon one New York State case and two district court cases applying New York law to conclude that theft was outside the scope of employment, and that theft by a servant or agent of a carrier would therefore not trigger the exception to the limitation of a carrier's liability under the Warsaw Convention.[2] See Brink's I, 1995 WL 225602, at *2, 1995 U.S. Dist. LEXIS 5004, at *4-*6 (citing Rymanowski v. Pan Am. World Airways, Inc., 416 N.Y.S.2d 1018, 70 A.D.2d 738 (3d Dep't 1979), aff'd, 49 N.Y.2d 834, 404 N.E.2d 1336, 427 N.Y.S.2d 795 (1980); Baker v. Lansdell Protective Agency, Inc., No. 83 Civ. 7577, 1985 WL 3964, 1985 U.S. Dist. LEXIS 13599 (S.D.N.Y. Nov. 22, 1985); and Denby v. Seaboard World Airlines, Inc., 575 F. Supp. 1134 (E.D.N.Y. 1983), rev'd on other grounds, 737 F.2d 172 (2d Cir. 1984)); see also id., 1995 WL 225602, at *3, 1995 U.S. Dist. LEXIS 5004, at *6 ("[E]very American court to address this issue has held that the willful misconduct exception to the Warsaw Convention's limitation of liability does not apply to acts of theft committed by employees.").  The district court in Brink's I did acknowledge that various foreign courts have decided that theft by an air carrier's employee does trigger the exception.  See id., 1995 WL 225602, at *3, 1995 U.S. Dist. LEXIS 5004, at *6-*7.

The district court's decision in Brink's I was, as noted, reversed in part.  The basis for the partial reversal was the failure of the district court, in applying the law of the forum

---

[1]  1,000 Special Drawing Rights were worth "$1575 at the[n] current exchange rates."  Shah, 653 F. Supp. 2d at 503.

[2]  Brink's I and the cases cited therein involve the Warsaw Convention, rather than the Montreal Convention, but as noted in the text, supra, there is no material difference between the two for purposes of this discussion.

3

jurisdiction (there, as here, New York State), "to apply that state's choice of law rules," which would have dictated that "South African law governing employer-employee liability" should have been used to determine whether theft by an air carrier's employees would qualify as misconduct that could be imputed to the air carrier under the Convention. Brink's II, 93 F.3d at 1030, 1032.

In this case, the district court did not, at least explicitly, apply New York's choice of law rules to determine what jurisdiction's law should govern the issue of whether employee theft falls within the scope of employment. It appears not to have analyzed whether, in particular, Kuwaiti law on this subject conflicts with New York law, and if so, whether Kuwaiti law should apply.

While, in Brink's II, we conducted the choice of law analysis ourselves and remanded for the district court to apply South African law, see id. at 1030-32, here we think it most prudent to remand for the district court to determine, in the first instance, whether applicable principles of New York and Kuwaiti law do conflict, see United States v. Farr & Co., 342 F.2d 383, 386 n.4 (2d Cir. 1965) (where "there is no conflict of laws between the relevant jurisdictions, . . . all choice-of-law questions can best be left unresolved"), and, if so, which law to apply, inasmuch as both inquiries may be fact-intensive, see Comer v. Titan Tool, Inc., 875 F. Supp. 255, 260 (S.D.N.Y. 1995) ("A choice of governing law necessarily depends on factual determinations, not only as a matter of application of a state's choice-of-law formulation, but also as a constitutional matter." (internal citation omitted)).

We therefore vacate the judgment and remand for the district court to determine in the first instance whether applicable principles of New York and Kuwaiti law conflict, and, if so, which jurisdiction's law applies to the question of whether the alleged theft in this case fell within the scope of employment for purposes of the Montreal Convention.

For the foregoing reasons, the judgment of the district court is hereby VACATED and REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

4