MBC Ventures LLC v Marsha Jewelry Corp. (2023 NY Slip Op 00267)

MBC Ventures LLC v Marsha Jewelry Corp.

2023 NY Slip Op 00267

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 152905/20 Appeal No. 17159-17160 Case No. 2022-02976, 2022-03405 

[*1]MBC Ventures LLC, as Assignee of Bank of America, N.A., Plaintiff-Respondent,
v
Marsha Jewelry Corp. et al., Defendants-Appellants.

The Law Office of Diana Rubin, Manhasset (Diana Rubin of counsel), for appellants.
Maidenbaum & Associates, PLLC, Merrick (Eric J. Canals of counsel), for respondent.

Judgment, Supreme Court, New York (Louis L. Nock, J.), entered July 13, 2022, in favor of plaintiff in the amount of $40,233.51 plus statutory interest from August 3, 2015, in the sum of $25,158.62, and disbursements in the sum of $610.00, for a total of $66,002.13, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 11, 2022, which denied defendants' motion to dismiss plaintiff's complaint, granted plaintiff's cross motion for summary judgment, and denied defendants' motion to renew and reargue rulings on the record, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendants failed to meet their burden to demonstrate that plaintiff did not have standing to bring this action based on an assignment of a loan agreement (Brunner v Estate of Lax, 137 AD3d 553, 553 [1st Dept 2016]). The submitted bill of sale sufficiently assigned the amended and restated loan agreement from Bank of America to plaintiff. Contrary to defendants' argument, the lack of a reference number on the asset schedule is not fatal to the assignment. Defendants argue that same defect creates an issue of fact to defeat plaintiff's cross motion for summary judgment, but for those same reasons defendants' argument fails.
The check defendants submitted with "Accord and Satisfaction" written on its face, which plaintiff deposited, also fails to create an issue of fact. "As a general rule, the acceptance of a check in full settlement of a disputed, unliquidated claim, without any reservation of rights, operates as an accord and satisfaction discharging the claim" (Nationwide Registry & Sec. v B & R Consultants, 4 AD3d 298, 300 [1st Dept 2004]). Thus, a party seeking to establish an accord and satisfaction must demonstrate there was an unliquidated claim mutually resolved via a new contract discharging all or part of the debt (Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]). The claim here was not unliquidated (Black's Law Dictionary [11th ed 2019] [defining an unliquidated claim as a "claim in which the amount owed has not been determined"]). The amended and restated loan agreement, the transaction history, and the documents that follow consistently demonstrate the amount owed. As a result, plaintiff's acceptance of the check did not constitute an accord and satisfaction.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023