SUSAN J. BEST, Respondent, *v.* GENUNG'S INC., Doing Business as HOWLAND DEPARTMENT STORE, Appellant.

Third Department, February 6, 1975.

*Donohue, Bohl, Clayton & Komar* (*Howard D. Clayton, Jr.,* of counsel), for appellant.

*John S. Hall* for respondent.

KANE, J. Seeking damages upon two causes of action, one for false imprisonment and the other for malicious prosecution, plaintiff has been awarded $5,000 compensatory damages and $3,500 punitive damages. The action stemmed from an incident that occurred on the evening of December 19, 1972 while plaintiff was Christmas shopping. After purchasing a number of articles at other stores, she entered defendant's premises for the purpose of exchanging three shirts she claimed she had purchased there earlier in the fall and to shop further for various other items. After rummaging around a counter where numerous shirts were piled in general disarray, but finding nothing that suited her, she went on to another area to look for men's slacks. There she removed one of the shirts she had been carrying from an old Howland shopping bag to compare it with some slacks and then returned it to the bag. Sometime thereafter, she met a friend with whom she visited for a while and subsequently they left the store together about 8:30 P.M. Outside they were met by a manager who asked plaintiff to return the three shirts she had allegedly taken. Upon this request, she returned to the store where further conversations took place with defendant's manager and other store employees. At this time, she was asked to sign a statement to admit taking the shirts and was told that, upon signing such a statement, she would be permitted to leave. She was unable to produce receipts for the shirts in question and, upon her refusal to return the shirts or sign any statement, the police were

summoned. Arrested, she was subsequently tried and acquitted.

Defendant's account of these events is considerably different. Two of its employees testified plaintiff was under surveillance because their suspicions were aroused when they observed her carrying an old Howland shopping bag and saw her pick up the three shirts from a counter and place them in the bag. They continued watching her and ultimately confronted her outside and asked her to surrender the shirts, whereupon she willingly returned to the store to discuss the matter further. When she could not produce receipts for the shirts and gave her maiden name rather than her married name, the store manager was called. He conducted additional questioning, attempted to obtain a written admission from her, and, failing in that, called the police who arrived about 10:00 P.M.

As an affirmative defense, defendant asserted that it had reasonable grounds to believe plaintiff was attempting to commit larceny and that she was detained in a reasonable manner and for a reasonable time to permit investigation. (General Business Law, § 218.) If, under these facts, plaintiff was under the belief that she could have left the premises of her own volition at any time, then defendant's defense would be complete (*Farina* v. *Saratoga Harness Racing Assn.*, 20 A D 2d 750). However, her version was that she could not leave unless she gave up the shirts and signed a statement. Thus, questions of reasonableness and credibility arose in the false imprisonment action which were properly presented as questions of fact for the jury to resolve (*Clark* v. *Nannery*, 292 N. Y. 105).

Defendant further contends there is insufficient evidence to support a cause of action for malicious prosecution. To sustain such an action a prosecution must be instituted in malice, without probable cause that it could succeed, which finally ends in failure (*Burt* v. *Smith*, 181 N. Y. 1). While there is no question but that the initial prosecution here ended in failure, a more difficult problem is present on the issue of actual malice. The search for an adequate definition of malice has, historically, been troublesome. It would seem that there must be a showing of some deliberate act punctuated with awareness of " conscious falsity " to establish malice (*Munoz* v. *City of New York*, 18 N Y 2d 6). Whatever standard is chosen, however, in our opinion there is here a total lack of the requisite proof of actual malice or facts from which such malice could be inferred. Consequently, the cause of action for malicious prosecution must be dismissed (*Vennard* v. *Sunnyside Sav. & Loan Assn.*, 44 A D 2d 727). Since the element of malice is missing, the award of

punitive damages must independently fall. While not decisive in this regard, another issue bears some mention. During the trial, defendant made an offer of proof of the amount of financial loss sustained as a result of shoplifters, but such proof was excluded by the court as irrelevant. Defendant argues that this evidence would be probative to show the absence of malice and provable under its affirmative defense as a plea of justification. We agree (*Gill* v. *Montgomery Ward & Co.,* 284 App. Div. 36).

The judgment should be modified, on the law and the facts, by dismissing the cause of action for malicious prosecution and setting aside the award of punitive damages, and, as so modified, affirmed, without costs.

GREENBLOTT, J. (dissenting in part). We agree with the majority that plaintiff's testimony that she was told she could not leave the store until she signed a statement, if believed by the jury, could constitute a basis for a finding that her detention was unreasonable, whereupon she would be entitled to recovery in her cause of action for false imprisonment. We also agree that there is insufficient evidence to support the plaintiff's cause of action for malicious prosecution, and no malice having been shown, the determination setting aside the award of punitive damages is correct.

However, the award of compensatory damages in the amount of $5,000 was not allocated by the jury in any proportion as between the separate causes of action for false imprisonment and malicious prosecution, and it seems to us impossible on the record before us to uphold that award without knowing how much, if any of it, was attributable to the action for false imprisonment. We are, therefore, of the opinion that the matter should be remitted to Trial Term of the Supreme Court for a new trial limited to the issue of compensatory damages to which plaintiff might be entitled on her action for false imprisonment.

HERLIHY, P. J., and REYNOLDS, J., concur with KANE, J.; GREENBLOTT and MAIN, JJ., dissent in part and vote to remit in an opinion by GREENBLOTT, J.

Judgment modified, on the law and the facts, by dismissing the cause of action for malicious prosecution and setting aside the award of punitive damages, and, as so modified, affirmed, without costs.