George J. Panagot, J.
After considering the proof presented by the plaintiff at the inquest, the first cause of action for malicious prosecution is dismissed.
At the inquest before this court, the court, at the conclusion of the plaintiffs proof, dismissed the second cause of action for slander. It now must rule as to the sufficiency of proof offered on the first cause of action for malicious prosecution.
On this cause too, the court is constrained to dismiss for failure to establish a prima facie case.
Two of the essential elements that plaintiff must prove are: (1) malice; and (2) a final determination favorable to the plaintiff in this action. (See PJI 3:50, p 799, 1st par) From the evidence presented, the plaintiff has failed to sustain his burden as to both of these elements.
Nowhere in the testimony is there a scintilla of evidence of actual malice by the defendant in having the plaintiff arrested. Nor have facts been shown from which such malice could be inferred. (See Best v Genung’s, 46 AD2d 550; Casler v State of New York, 33 AD2d 305.)
In addition, this court is faced with what seems to be a novel question. Is an adjournment in contemplation of dismissal (A.C.O.D.) under CPL 170.55 a final termination of the criminal charge favorable to defendant? (See 36 NY Jur, § 20-22, pp 276-279.)
This court thinks not. An A.C.O.D. is nothing more than a special break, given usually to first offenders, who will continue to behave themselves for a period up to six months, after such an order is granted. That to this court does not seem to qualify as a final determination of defendant’s guilt or innocence. In fact if at any time in the adjourned period the defendant misbehaves again, the court must upon the District Attorney’s application restore the case to the calendar for *468 trial. (See Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.55, p 50.)
So, in effect, this is a mere adjournment without a decision on the merits.
Going one step further even if an A.C.O.D. would amount to a dismissal, such dismissal takes place when the adjourned date has been reached and not when the adjournment is initially granted.
In the case before this court the A.C.O.D. was granted September 5, 1975. It could not blossom into a dismissal until 6 months later, namely in March, 1976. This action for malicious prosecution was brought on November 15, 1975, only two months after the A.C.O.D. was granted. So certainly on the day this action was brought there was no dismissal at all — favorable or otherwise.
Accordingly, the court finds that a prima facie case has not been made out. Both causes must be dismissed.