■ ANNIE TAYLOR, as Administratrix of the Estate of ROBERT HOLMES, Deceased, Appellant, v BROOKLYN HOSPITAL, Respondent.—In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated August 13, 1990, which granted the defendant's motion for summary judgment dismissing the complaint to the extent of dismissing the plaintiff's cause of action to recover damages for wrongful death, and denied, with leave to renew upon completion of discovery, that branch of the defendant's motion which was to dismiss the cause of action to recover damages for conscious pain and suffering.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendant leave to renew its motion for summary judgment upon completion of discovery with regard to the plaintiff's cause of action to recover damages for conscious pain and suffering; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff's decedent was an AIDS patient who was admitted to Brooklyn Hospital in November 1985 and remained in the hospital until his death on January 30, 1986. The plaintiff alleged that during the night of January 1, 1986, the decedent fell from his bed because the hospital staff had failed to place the bed's siderails in an upright position, that the patient lay in a pool of blood for hours, and that after the fall he lost the ability to speak and remained seemingly unaware of his surroundings until he died. The plaintiff further alleged that the fall accelerated the plaintiff's decedent's death and caused him pain and suffering. Hospital records indicated that the plaintiff's decedent died of the sequelae of AIDS, and that the injuries caused by the fall

were minor. The defendant moved for summary judgment dismissing the complaint. The defendant submitted, *inter alia,* an affidavit from a treating physician stating that the decedent died of AIDS-related causes and that the fall had not accelerated his death. The plaintiff submitted no medical affidavits. Under similar circumstances this Court has held lack of a medical affidavit to be fatal to a plaintiff's action *(see, De Boer v Lloyd's Shopping Ctr.,* 115 AD2d 633). Accordingly, we find that the dismissal of the plaintiff's cause of action for wrongful death was proper.

We find, however, that the Supreme Court erred in granting the defendant leave to renew its motion upon the completion of discovery with respect to the cause of action to recover damages for personal injuries. The defendant completed its discovery prior to making its motion for summary judgment. Granting the defendant leave to renew " 'violated the rule prohibiting successive motions for summary judgment in the guise of motions to renew where the "new" material could have been submitted with the original motion for summary judgment' " *(Echeverri v Flushing Hosp. & Med. Ctr.,* 123 AD2d 818, 819, quoting *Rose v La Joux,* 93 AD2d 817, 818). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.