■ STATE OF NEW YORK, Appellant, v YOON Y. PARK et al., Defendants, and Moo SANG CHO, Respondent. [611 NYS2d 913] — In an action, *inter alia,* to recover damages for breach of contract, fraud, and unjust enrichment, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Rutledge, J.), entered July 13, 1992, as denied those branches of its motion which were (1) for leave to amend its complaint to add Moo Sang Cho as an additional defendant, and (2) to extend an order of attachment against certain property of Moo Sang Cho.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend its complaint by adding Moo Sang Cho as a defendant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The State of New York brought this action against defendants Yoon Y. Park and Lincoln Medical Lab Center, Inc. (hereinafter Lincoln), its former collaborators in an under-

cover operation designed to uncover Medicaid fraud, to recover monies allegedly misappropriated by Park during the undercover operation. The State agreed to bear the necessary costs of the undercover operation and to set up a separate bank account to which Park had access. Sometime after the conclusion of the operation, which ran from March through November 1990, the State allegedly learned that Park had been using the undercover account to pay for personal expenses and had been making unauthorized disbursements from the account. In its complaint, the State alleged, *inter alia,* causes of action to recover damages for breach of contract, money had and received, and fraud.

In the course of discovery, the State learned that the proposed defendant Moo Sang Cho, formerly a 40% shareholder of Lincoln, had received about $211,000 in disbursements from Lincoln during the time-period of the undercover operation, and that Park subsequently purchased Cho's 40% ownership interest in Lincoln for $240,000. The State moved, by ex parte order of attachment and an order to show cause, *inter alia,* to add Cho as a defendant to the action, and for an order of attachment against his assets up to approximately $492,000. The State's amended complaint sought to assert causes of action against Cho for money had and received and unjust enrichment arising out of the recently discovered disbursements to Cho. The court denied that branch of the motion which was to add Cho, finding that it would be unjust since Cho was unaware of the underlying undercover operation.

Under CPLR 1003, the court, on motion of any party, may add or drop parties "upon * * * terms as may be just". "The right to join parties to an action is 'subject to the exercise by the court, in the interest of justice, of its discretionary powers' *(Sherlock* v. *Manwaren,* 208 App. Div. 538, 541)" *(Catanese v Lipschitz,* 44 AD2d 579, 580).

We find that the court's denial of that branch of the State's motion which was for leave to add Cho as a defendant was an improvident exercise of discretion. The State alleged sufficient facts in support of its motion to show that Cho improperly received the benefit of money misappropriated from the undercover operation. An action for money had and received "is an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another *(Miller v Schloss,* 218 NY 400, 406-407)" *(Parsa v State of New York,* 64 NY2d 143, 148; *see also, Board of Educ. v Rettaliata,*

164 AD2d 900). Similarly, the doctrine of unjust enrichment does not require wrongful conduct by the one enriched (see, *Ultramar Energy v Chase Manhattan Bank,* 179 AD2d 592, 593). That Cho did not know of the existence of the undercover operation, does not mean that it would be unjust for him to be held liable to the State for any funds that were improperly given to him.

We also find that the State failed to establish that it was entitled to the provisional remedy of an order of attachment against Cho (see, CPLR 6223 [b]), and therefore, the court properly denied that branch of the State's motion. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.