■ Rocco Altamuro et al., Respondents, v Angelo Capoccetta, Appellant. [622 NYS2d 155] —White, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered June 1, 1994 in Madison County, upon a decision of the court in favor of plaintiffs.

This appeal concerns defendant's obligations under a commercial lease he entered into with plaintiffs with respect to premises located in the City of Sherrill, Oneida County, in which defendant operated a restaurant. The lease provided that defendant would pay a monthly rental of $3,200 plus utilities during its term, which ran from May 1, 1991 to April 30, 1992. In late May 1991, defendant suffered the first of several heart attacks which forced him to cease operating his restaurant. Problems arose with plaintiffs when the check defendant tendered for the August rent was dishonored due to insufficient funds. Following the institution of criminal proceedings by plaintiffs, the parties met in September 1991 and purportedly reached an oral agreement regarding the termination of the lease. At the end of September 1991 defendant vacated the premises and gave the keys to plaintiffs, who then attempted to sell or lease the premises. Subsequently, on December 24, 1991, plaintiffs entered into a contract of sale and transferred title to third-party purchasers on March 18, 1992.

Claiming that defendant breached the terms of the oral agreement terminating the lease, plaintiffs commenced this action seeking the unpaid rent from August 1991 to February 1992, unpaid utilities and costs incurred in cleaning up the premises. Defendant's amended answer interposed the affirmative defenses of accord and satisfaction and surrender and acceptance. At the conclusion of a bench trial, Supreme Court concluded that, as a result of the parties' oral agreement, plaintiffs were entitled to a judgment against defendant in the sum of $23,420.72 plus interest. This appeal ensued.

At the outset, we note that we are not bound by Supreme Court's findings and may render a judgment we find warranted by the facts (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499). In this instance, we disagree with Supreme Court's finding that the parties' oral agreement constituted an accord and satisfaction.

To have a valid accord and satisfaction, the parties must enter into a new contract wherein they agree that a stipulated performance will be accepted in the future, in lieu of an existing claim (see, Denburg v Parker Chapin Flattau &

*Klimpl,* 82 NY2d 375, 383; *Patel v Orma,* 190 AD2d 782). For this new contract to be binding, its material terms must be reasonably certain *(see, Kensington Ct. Assocs. v Gullo,* 180 AD2d 888). Here, plaintiffs maintain that defendant agreed to pay the rent and utilities for August and September 1991 and leave the inventory of food and liquor that was on the premises. Defendant, on the other hand, contends that he was only required to turn over the keys and leave the inventory, which he valued at $15,000. Clearly, these conflicting versions of the agreement create significant doubt as to its material terms. Thus, we find that the parties' purported oral agreement did not constitute an accord and satisfaction. We further note that, although defendant did leave some inventory, an accord and satisfaction cannot be established by partial performance *(see, Telmark, Inc. v Mills,* 199 AD2d 579, 582).

When defendant surrendered the premises, plaintiffs had three options: (1) they could have done nothing and collected the full rent due under the lease, (2) they could have explicitly accepted the surrender or, by operation of law, impliedly accepted it by doing some act inconsistent with the landlord-tenant relationship, thereby relieving defendant from further liability for rent, or (3) under the terms of the lease they could have relet the premises and looked to defendant for any deficiency *(see, Riverside Research Inst. v KMGA, Inc.,* 68 NY2d 689, 691-692; *Centurian Dev. v Kenford Co.,* 60 AD2d 96, 98). In this case, plaintiffs' attempt to sell and the actual sale of the premises after defendant surrendered possession were acts obviously inconsistent with the landlord-tenant relationship. Therefore, we find that, by operation of law, plaintiffs accepted defendant's surrender and are precluded from seeking damages that accrued thereafter.

We have considered defendant's other arguments and find them unpersuasive; accordingly, we conclude that plaintiffs are entitled to a judgment in the sum of $8,420.72 plus interest from October 1, 1991.[*]

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as required defendant to pay the value of the inventory; plaintiffs are awarded a judgment of $8,420.72 plus interest from October 1, 1991; and, as so modified, affirmed.

---

[*] The judgment is calculated as follows: $6,400 rent for August and September 1991; $1,200.12 for utilities for those months; $820.60 cleaning costs pursuant to paragraph 2 of lease requiring defendant to deliver the premises in good condition at the end of the lease.