■ EDWARD LA PLACA, Respondent, v WILLIAM BERNARDO, Appellant. [633 NYS2d 420] —Peters, J. Appeal from a judgment

of the Supreme Court (Dwyer, J.H.O.), entered September 19, 1994 in Rensselaer County, upon a decision of the court in favor of plaintiff.

Plaintiff, an excavation and landscaping contractor, agreed to construct a retaining wall at defendant's lakeside property. Plaintiff and defendant entered into a written contract providing that plaintiff would construct a retaining wall, dig trenches, remove debris, mow the lawn, spread stone over a driveway and parking area and provide all of the necessary materials for the sum of $6,000. Defendant paid this amount after plaintiff had performed this work. According to defendant, however, the wall was some 70 square feet smaller than called for by the contract.

Plaintiff also suggested additional improvements which could be made to defendant's property including construction of a second retaining wall. Defendant orally agreed that plaintiff should undertake these improvements but the cost was never mentioned. Having completed the second wall and the related additional work, plaintiff submitted a bill to defendant for $8,588. Defendant gave plaintiff $2,500 in full payment thereon, contending that such amount reflected its worth. Plaintiff then brought this action for breach of contract. At trial, defendant offered the expert testimony of a landscape architect who opined that the value of plaintiff's work on the oral contract was $6,417.60, $2,170.40 less than the amount charged.

Supreme Court concluded that the parties had a valid oral contract and that plaintiff should be paid on a quantum meruit basis. Using the figures submitted by defendant's expert, a judgment was rendered in favor of plaintiff in the amount of $5,152.80.

On this appeal, defendant contends for the first time that the amount owed plaintiff in quantum meruit should be offset by the amount that he allegedly overpaid plaintiff on the first contract for his failure to construct the first wall in accordance with the terms of the contract. Since defendant never pleaded this counterclaim before Supreme Court, we decline to disturb its determination.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.