■ JRDM Corporation, Respondent, v U.W. Marx, Inc., et al., Appellants, et al., Defendant. [675 NYS2d 691] —Carpinello, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 21, 1997 in Ulster County, which denied certain defendants' motion for summary judgment dismissing the complaint against them.

This action arises out of the renovation of the Malden Service Area on the Thruway. Plaintiff entered into a subcontract with defendant U.W. Marx, Inc. (hereinafter Marx) whereby plaintiff agreed to perform certain excavation work as part of the remodeling project. It is undisputed that during the project, plaintiff was authorized to perform extra work consisting of the demolition and removal of subsurface concrete, the existence of which was previously unknown to all the parties. The subject litigation stems from a disagreement over the proper method for determining the compensation for this extra work. The owner authorized the extra work by agreeing to pay $3.98 per square foot of concrete removed, a figure plaintiff says it

never accepted. In the midst of the dispute, at a meeting of the principals Marx's president tendered, and plaintiff's vice-president accepted, a check in the amount of $47,079 which, when combined with a prior payment of $100,000, was allegedly intended by Marx to be payment in full for the disputed extra work, an intention plaintiff disputes. After Supreme Court denied a summary judgment motion filed by Marx and defendants Peter B. Marx and St. Paul Fire and Marine Insurance Company (hereinafter collectively referred to as defendants), this appeal ensued.

Defendants rely on UCC 1-207 to support their argument that because plaintiff accepted the $47,079 check without affixing the words "without prejudice" or "under protest", an accord and satisfaction has resulted as a matter of law. This argument fails because before we can judge plaintiff's conduct in not affixing an "under protest" legend or similar language to the check, we must first look to Marx's conduct in tendering the check. To set the stage for an accord and satisfaction where less than full payment of a disputed claim is tendered, "there must be a *clear manifestation* of intent by the debtor that the payment is in full satisfaction of the disputed claim" (*Boyle v American Airlines*, 89 AD2d 667 [emphasis supplied]). Here, we note that the check itself bore no legend that it was intended to constitute payment in full (*cf., Horn Waterproofing Corp. v Bushwick Iron & Steel Co.*, 66 NY2d 321) and the handwritten notes of the meeting, upon which defendants rely so heavily, provide little guidance in resolving the conflicting factual versions of the parties' intentions (*cf., Hemingway v State Farm Fire & Cas. Co.* 187 AD2d 814). Accordingly, on the present record, we are unable to resolve the factual dispute over whether the check was "tendered with full knowledge by [plaintiff] of the fact that it was tendered in full discharge of [its] claim" (19 NY Jur 2d, Compromise, Accord and Release, § 7, at 305).

The remainder of defendants' arguments do not merit extended discussion. We reject defendants' contention that because plaintiff concedes that it does not have any cost records, it cannot support a claim in quantum meruit for the extra work. To the extent that defendants read our prior decision in this case (237 AD2d 798) to require that a quantum meruit claim can only be proven by evidence of plaintiff's costs, we disagree. While it is true that we previously held that plaintiffs' cost records would be relevant to defendant's defense of a quantum meruit claim (and therefore discoverable), we did not hold that plaintiff could only prove the value of the services

rendered by this means. For example, upon proper compliance with CPLR 3101 (d) (1), plaintiff may attempt to prove the value of its work through expert testimony (*see, La Placa v Bernardo*, 221 AD2d 758).

Lastly, to the extent that defendants rely on plaintiff's signature on successive "Subcontractor's Partial Waiver of Lien Rights" forms as a bar to plaintiff's claim, we need only note that any release contained therein is expressly limited to "the extent of the payment, only".

Cardona, P. J., White, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.