■ POMARC ASSOCIATES, INC., Appellant-Respondent, v BEACH CONCERTS, INC., et al., Respondents-Appellants, and JACK L. GORDON ARCHITECTS, P. C., et al., Respondents. [712 NYS2d 882] —In an action, *inter alia*, to recover damages for negligent misrepresentation, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered May 24, 1999, as (a) granted the motion of the defendant Jack L. Gordon Architects, P. C., to dismiss the complaint insofar as asserted against it, and (b) granted that branch of the motion of the defendants Cantor Seinuk Group, P. C., and Ysrael A. Seinuk, P. C., which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Beach Concerts, Inc., SFX Broadcasting, Inc., SFX Entertainment, Inc., and Turner Construction Company cross-appeal from so much of the same order as denied their motion, *inter alia*, to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The allegations of the complaint, and the plaintiff's affidavits in opposition to the respective motions of the defendants Beach Concerts, Inc. (hereinafter Beach), SFX Broadcasting, Inc. (hereinafter SFXB), SFX Entertainment, Inc. (hereianfter SFXE), and Turner Construction Company (hereinafter Turner), the defendant Jack L. Gordon Architects, P. C. (hereinafter Gordon), and the defendants Cantor Seinuk Group, P. C. (hereinafter CSG), and Ysrael Seinuk, P. C. (hereinafter YAS), satisfy all the prerequisites to state a viable cause of action for negligent misrepresentation against Turner (*see, Leon v Martinez,* 84 NY2d 83, 88; *Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 425; *Halmar Corp. & Defoe Corp. v Hudson Founds.,* 212 AD2d 504, 505). Although the contract was between Beach and the plaintiff, the record supports the plaintiff's contention that the relationship between it and Turner was so close as to approach privity (*see, Reliance Ins. Co. v Morris Assocs.,* 200 AD2d 728; *Pile Found. Constr. Co v Berger, Lehman Assocs.,* 253 AD2d 484, 485-486). However, the record fails to support the plaintiff's contention that the relationship between it and Gordon, YAS, or CSG was a functional equivalent of privity (*cf., Reliance Ins. Co. v Morris Assocs., supra*).

Contrary to the contentions of Beach, SFXB, SFXE, and Turner, the Supreme Court properly denied that branch of their motion which was to dismiss the complaint insofar as asserted against them on the ground that the claims against

them were settled. The record demonstrates that there was no "meeting of the minds" showing that the parties mutually resolved the dispute regarding the amount owed to the plaintiff (*see, Trans World Grocers v Sultana Crackers,* 257 AD2d 616; *JRDM Corp. v U.W. Marx, Inc.,* 252 AD2d 854).

The parties' remaining contentions are without merit. Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.