■ EAST COAST ATHLETIC CLUB, INC., et al., Appellants, v CHICAGO TITLE INSURANCE COMPANY, Respondent. [833 NYS2d 585]—

In an action to recover damages for breach of contract and breach of fiduciary duty, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 21, 2005, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and (2) the plaintiffs and nonparty Paul A. Batista, the attorney for the plaintiffs, appeal from an order of the same court dated August 23, 2005, which granted that branch of the defendant's motion which was to impose sanctions on the plaintiff Arnold Marshel and nonparty Paul A. Batista pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal by the plaintiff East Coast Athletic Club, Inc., from the order dated August 23, 2005, is dismissed, as it is not aggrieved by that order; and it is further,

Ordered that the order dated June 21, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated August 23, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant; and it is further,

Ordered that on the Court's own motion, counsel for the parties to this appeal are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellants and/or their counsel, pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an original and four copies of an affirmation or affidavit on that issue with the Clerk of this Court and serving one copy on the other party on or before May 3, 2007; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

The plaintiff Arnold Marshel, the sole owner and shareholder of the plaintiff East Coast Athletic Club, Inc. (hereinafter East Coast), entered into a mortgage agreement (hereinafter the Dime Mortgage) with the Dime Savings Bank of New York FSB (hereinafter Dime) on July 14, 1998. Dime loaned Marshel the sum of $3,250,000, and in return received a security interest in his health club located at 3 Harbor Drive in Port Washington (hereinafter the property). The Dime Mortgage was not recorded. The defendant Chicago Title Insurance Company (hereinafter Chicago Title) issued a title insurance policy to Dime on the same date. Neither Marshel nor East Coast was a party to the title insurance policy, and Chicago Title notified Marshel that the policy did not provide him with coverage.

Marshel later sold the property and obtained other mortgages on the property, which appeared to be unencumbered due to the unrecorded Dime Mortgage. In a prior action, inter alia, to foreclose the Dime Mortgage and the subsequent mortgages, the Supreme Court, Nassau County (Warshawsky, J.), in an order dated September 17, 2003, determined that it had been Marshel's duty to record the Dime Mortgage. This Court affirmed that order on September 12, 2005 (see *Marshel v Farley*, 21 AD3d 935 [2005]).

On June 10, 2004 the plaintiffs commenced the instant action

against Chicago Title, alleging breach of contract and breach of fiduciary duty. The plaintiffs alleged that it had been Chicago Title's duty to record the Dime Mortgage. In an order dated June 21, 2005, the Supreme Court, Nassau County (Warshawsky, J.), granted that branch of the motion of Chicago Title which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. In an order dated August 23, 2005, the Supreme Court granted that branch of the motion of Chicago Title which was to impose sanctions on Marshel and his attorney, nonparty Paul A. Batista.

The Supreme Court properly granted that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). "It is a generally accepted tenet of New York law that a duty directly assumed for the benefit of a particular person or entity does not extend to third parties who were not intended beneficiaries of the subject undertaking" (*Calamari v Grace,* 98 AD2d 74, 78 [1983]). "A non-party may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary . . . and even then, even if not mentioned as a party to the contract, the parties' intent to benefit the third party must be apparent from the face of the contract" (*LaSalle Natl. Bank v Ernst & Young,* 285 AD2d 101, 108 [2001] [citation omitted]). The plaintiffs were clearly not parties to the contract at issue, i.e., the title insurance policy issued by Chicago Title to Dime, and Chicago Title owed the plaintiffs no duty. Moreover, the plaintiffs were collaterally estopped from asserting that it was the duty of Chicago Title to record the mortgage, as the order dated September 17, 2003, which was affirmed on September 12, 2005, had already determined that it was Marshel's duty (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455 [1985]; *Luscher v Arrua,* 21 AD3d 1005, 1007 [2005]).

We further conclude that the appellants' conduct in commencing this action and pursuing the instant appeal is patently frivolous. In addition to the fact that the appellants have alleged the breach of a contract to which they are not a party, the instant action is essentially a collateral attack on the order dated September 17, 2003—an order which has already been affirmed by this Court (*see McMurray v McMurray,* 157 AD2d 773, 774 [1990]). Accordingly, we direct counsel for the parties to this appeal to each file an original and four copies of an affirmation or affidavit on the issue of why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellants and/or their counsel as this court may deem appropriate. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.