■ CRYSTAL COVE SEAFOOD CORPORATION, Respondent, v CHELSEA HARBOR, LLC, Appellant. [850 NYS2d 171]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated December 28, 2006, as denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

To successfully oppose a pre-answer motion to dismiss a complaint pursuant to CPLR 3211 (a) (8), "the plaintiff need only make a prima facie showing that personal jurisdiction exists" (*Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]). Here, the plaintiff met its burden with evidence that, at all relevant times, the assignment agreement entered into between the parties was operative. Moreover, the defendant conceded at the oral argument of this appeal that the forum selection clause therein, if found by the court to be applicable to the instant dispute, provides the basis for personal jurisdiction over it. Accordingly, we find no grounds to disturb the Supreme Court's determination denying the defendant's motion to dismiss pursuant to CPLR 3211 (a) (8). Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.