■ STANLEY BOGAL et al., Appellants, v KRISTIN FINGER, Respondent. ELAINE CALIX et al., Proposed Additional Defendants. [874 NYS2d 217]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by their notice of appeal and brief, from (1) so much of an order of the Supreme Court, Nassau County (Austin J.), dated October 2, 2007, as granted the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction and denied that branch of their cross motion which was for leave to serve an amended complaint adding a cause of action alleging unjust enrichment against the proposed additional defendants Elaine Calix and Luis Calix and (2) a judgment of the same court entered November 29, 2007, which, upon the order, dismissed the complaint without prejudice to the commencement of an action against the defendant in an appropriate venue, if the plaintiffs be so advised.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8) is denied, that branch of the plaintiffs' cross motion which was for leave to serve an amended complaint adding a cause of action alleging unjust enrichment against the proposed additional defendants Elaine Calix and Luis Calix is granted, and the order is modified accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment (see Matter of Aho, 39 NY2d 241, 248

[1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

It is undisputed that the defendant resides in Florida, never entered New York, and was personally served in Florida. It is also undisputed that any actions she personally undertook were performed in Florida. The plaintiffs sought to assert personal jurisdiction over the defendant in New York, contending that she was the manager of shareholder services, and a manager of a web of entities (hereinafter the entities) which allegedly were used in a scheme to defraud them.

The defendant moved to dismiss the complaint. The Supreme Court, inter alia, found that New York could not properly exercise long-arm jurisdiction over the defendant, granted the motion to dismiss the complaint, and denied that branch of the plaintiffs' cross motion which was for leave to serve an amended complaint adding a cause of action alleging unjust enrichment against the proposed additional defendants Elaine Calix and Luis Calix.

The defendant showed by affidavit, based upon her personal knowledge and documentary evidence, that she was merely a secretary or executive assistant with no substantive decision making authority in the entities and, thus, not amenable to personal jurisdiction in New York. In response, the plaintiffs averred that the defendant was the manager of shareholder services and/or had for many years prepared their account statements, such that she should be subject to the personal jurisdiction of the Supreme Court.

New York courts may exercise personal jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]), even where that defendant has never physically entered the state (*see Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 17 [1970]), "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transactions and the claim asserted" (*Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467 [1988]). Here, the plaintiffs satisfied their burden, at this stage of the litigation, of showing that this standard has been met (*see Fischbarg v Doucet,* 9 NY3d 375 [2007]; *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.,* 7 NY3d 65 [2006]; *Crystal Cove Seafood Corp. v Chelsea Harbor, LLC,* 47 AD3d 670 [2008]; *Cornely v Dynamic HVAC Supply, LLC,* 44 AD3d 986 [2007]). Moreover, exercising jurisdiction over the defendant in the circumstances presented here would not be inconsistent with traditional notions of due process, fair

play, and substantial justice (*see International Shoe Co. v Washington,* 326 US 310, 316 [1945]; *LaMarca v Pak-Mor Mfg. Co.,* 95 NY2d 210, 214-215 [2000]; *Opticare Acquisition Corp. v Castillo,* 25 AD3d 238, 247-248 [2005]).

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to serve an amended complaint adding a cause of action alleging unjust enrichment against the proposed additional defendants. "[M]otions for leave to amend a pleading should be granted unless the proposed amendment is 'palpably insufficient or patently devoid of merit, or where the delay in seeking the amendment would cause prejudice or surprise' " (*Commissioners of State Ins. Fund v Service Unlimited, USA, Inc.,* 50 AD3d 1085 [2008], quoting *Lucido v Mancuso,* 49 AD3d 220, 222 [2008]; *see Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 874 [2007]; *G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 99 [2007]). The proposed amendment is sufficient under this standard (*see Chase Manhattan Bank [N.A.] v Banque Intra, S.A.,* 274 F Supp 496, 499 [1967], citing *Miller v Schloss,* 218 NY 400, 408-409 [1916]; *see also State of New York v Park,* 204 AD2d 531, 532-533 [1994]; *cf. State of New York v Barclays Bank of N.Y.,* 76 NY2d 533, 540-541 [1990]). Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur. [*See* 17 Misc 3d 1107(A), 2007 NY Slip Op 51863(U).]