[887 NYS2d 494]

Jennifer A. Mendelsohn, Plaintiff, v Steven B. Ferber et al., Defendants.

Supreme Court, Suffolk County, October 6, 2009

### APPEARANCES OF COUNSEL

*Charles G. Eichinger & Associates, P.C.*, Islandia, for defendants. *Michael A. Markowitz*, Hewlett, for plaintiff.

### OPINION OF THE COURT

THOMAS F. WHELAN, J.

Ordered that the motion by defendants for summary judgment dismissing the complaint is granted to the extent set forth herein, and is otherwise denied.

This action arises out of an employment relationship between plaintiff Jennifer Mendelsohn, an attorney, and defendant law firm Siben & Ferber, LLP, that ended in October 2004 when Mendelsohn was terminated from her position as an associate. Thereafter, plaintiff started her own law practice and allegedly was hired by more than 60 clients of Siben & Ferber to represent them in matrimonial or family court matters. Following her termination from the law firm, plaintiff made repeated demands to defendants that they forward to her any unused retainer money previously paid to Siben & Ferber by those former clients that had retained her to represent them. According to plaintiff, the unused retainer money paid by the former clients of Siben & Ferber totaled more than $118,000 as of the date her employment with the firm was terminated. A dispute also arose between the parties as to whether plaintiff was owed additional money under the terms of her employment contract. Meanwhile, in January 2005, the assets of Siben & Ferber allegedly were transferred to defendant Steven B. Ferber, P.C.

The first cause of action in the complaint alleges defendants are liable for failing to "forward unearned retainer fees received and held for matrimonial or family law work," and seeks judgment against defendants in the sum of $118,468, plus interest from October 24, 2004. The second cause of action alleges that defendants breached an agreement entered into at the time she was hired that plaintiff's compensation would consist of a base salary plus "40% of all fees earned from [plaintiff's] clients and 33.33% of any fee earned from an outside attorney that referred a client to [plaintiff]," and that such breach has caused dam-

ages in the sum of $39,992, plus interest from October 24, 2004. The third cause of action alleges that, "by failing to forward unearned retainer fees received and held for matrimonial or family law work" to plaintiff, defendants violated the fiduciary duties owed to plaintiff and to the clients that changed attorneys after she left the law firm, and Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). Plaintiff seeks $118,466 in compensatory damages and $355,404 in punitive damages on the third cause of action. The answer asserts as affirmative defenses that plaintiff is not a proper party to the action, that the claims are barred by the applicable statute of limitations, and that there was an accord and satisfaction between the parties. It also interposes counterclaims against plaintiff sounding in breach of contract, conversion, and unjust enrichment, as well as a counterclaim for an accounting.

By order dated December 11, 2008, this court denied an application by plaintiff for, inter alia, summary judgment in her favor on the first and third causes of action, finding triable issues existed as to whether plaintiff was an intended beneficiary of the subject retainer agreements, and as to whether any fiduciary duty was owed to her by defendants with respect to the money paid on the retainer agreements by former Siben & Ferber's former clients. The order also denied a cross motion by defendant for summary judgment dismissing the complaint and for leave to leave to amend the answer on the ground that defendants failed to comply with the notice requirements set forth in CPLR 2214. The court further determined that, in any event, defendants' submissions were insufficient to establish the defense of accord and satisfaction.

Defendants now move again for summary judgment dismissing the complaint. Defendants argue, among other things, that plaintiff lacks standing to assert the claims contained in the first and third causes of action. Defendants also assert that they are entitled to judgment in their favor on the second cause of action, as the evidence shows the parties reached an accord and satisfaction after plaintiff left the firm and that, pursuant to such agreement, plaintiff collected the receivables earned from her clients prior to her termination from the law firm, as well as some money owed to Siben & Ferber. Plaintiff opposes the motion, arguing, for the first time, that the first cause of action is for money had and received, not for breach of contract, and that "defendants should not be permitted to keep unearned retainer fees when [plaintiff] did all of the legal work." As to

the second cause of action, plaintiff alleges the issue of whether there was an accord and satisfaction was previously litigated as part of the defendants' prior motion for summary judgment, and that defendants again failed to demonstrate as a matter of law the existence of such an agreement between the parties. She also asserts that the third cause of action alleges defendants breached a fiduciary duty owed to her "pursuant to rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.15 [a]) *formerly* DR 9-102 [a] [*sic*]," and that such provision imposes "a fiduciary responsibility to any third party to not misappropriate or commingle funds received incident to the practice of law." Plaintiff contends that, as the retainer fees paid by Siben & Ferber's former clients were not exhausted when she was hired to represent such clients, defendants' refusal to transfer that money to plaintiff was a misappropriation of money received incident to the practice of law and "violated their fiduciary responsibility to [plaintiff] under Rule 1.15 (a)."

Defendants' application for summary judgment dismissing the first and third causes of action on the ground that plaintiff does not have standing to assert claims respecting the retainer fees paid to Siben & Ferber by its former clients is granted. Initially, the court notes that while there is a general proscription against successive summary judgment motions based on facts and evidence available to the movant at the time of the original motion for summary judgment (*see Tolpygina v Teper*, 63 AD3d 722 [2d Dept 2009]; *Taylor v Brooklyn Hosp.*, 187 AD2d 714 [2d Dept 1992]; *Marine Midland Bank v Fisher*, 85 AD2d 905 [4th Dept 1981]), a court may entertain a subsequent summary judgment motion if such motion "is substantively valid and the granting of [it] will further the ends of justice while eliminating an unnecessary burden on the resources of the courts" (*Detko v McDonald's Rests. of N.Y.*, 198 AD2d 208, 209 [2d Dept 1993], *lv denied* 83 NY2d 752 [1994]; *see Rose v Horton Med. Ctr.*, 29 AD3d 977 [2d Dept 2006]). Here, the order issued in December 2008 did not address the threshold question raised by defendants' instant motion of whether plaintiff lacks standing to bring the first and third causes of action, nor did it address defendants' claim that no fiduciary duty was owed to plaintiff with respect to money collected on retainer agreements entered into while she was an associate at the law firm.

"A plaintiff has standing to maintain an action upon alleging an injury in fact that falls within his or her zone of interest" (*Silver v Pataki*, 96 NY2d 532, 539 [2001]). The requirement

that a litigant asserting a claim have an injury-in-fact—an actual stake in the matter being adjudicated—ensures that a person seeking judicial review has some concrete interest in prosecuting the action, which casts the dispute in a form capable of judicial resolution (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772 [1991]). Thus, an individual generally has standing only to assert claims on behalf of himself or herself, and cannot assert the legal rights or claims of another (*see Society of Plastics Indus. v County of Suffolk, supra*; *Caprer v Nussbaum*, 36 AD3d 176 [2d Dept 2006]).

■ Defendants have established their entitlement to summary judgment dismissing the first cause of action. As discussed by this court in its December 2008 order, a contract entered into between two parties may be enforced by a third party if the contract was made for the direct benefit of the third party (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38 [1985]; *Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652 [1976]; *World Trade Knitting Mills v Lido Knitting Mills*, 154 AD2d 99 [2d Dept 1990]; *see also BDG Oceanside, LLC v RAD Term. Corp.*, 14 AD3d 472 [2d Dept 2005], *lv dismissed* 5 NY3d 783 [2005]). Absent an intent by the contracting parties that the contract directly benefit the third party, such third party is considered an incidental beneficiary with no right to enforce the contract (*Port Chester Elec. Constr. Corp. v Atlas, supra*; *Associated Flour Haulers & Warehousemen, Inc. v Hoffman*, 282 NY 173 [1940]; *East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461 [2d Dept 2007]). Here, it is undisputed the retainer agreements upon which plaintiff bases her claim to unearned retainer fees were between the clients and Siben & Ferber. Plaintiff has not submitted any proof, or even alleged, that she is an intended beneficiary of such retainer agreements and is entitled to bring a legal action to enforce the clients' rights under such agreements. Plaintiff, therefore, has no standing to bring a cause of action against defendants for breach of the retainer agreements (*see Parker & Waichman v Napoli*, 29 AD3d 396 [1st Dept 2006]; *Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp.*, 291 AD2d 40 [1st Dept 2001]; *Scheckter v Emigrant Sav. Bank*, 237 AD2d 273 [2d Dept 1997]; *see also Breen v Law Off. of Bruce A. Barket, P.C.*, 52 AD3d 635 [2d Dept 2008]; *BDG Oceanside, LLC v RAD Terminal Corp., supra*).

■ Further, plaintiff's claim in opposition to the motion that the first cause of action actually is for money had and received,

not breach of contract, does not raise a triable issue. An action for money had and received seeks to enforce an obligation which the law creates, in the absence of any agreement, when one party obtains money or its equivalent under such circumstances that in equity and good conscience he ought not retain and that belongs to another (*see Parsa v State of New York*, 64 NY2d 143 [1984]; *Miller v Schloss*, 218 NY 400 [1916]; *State of New York v Park*, 204 AD2d 531 [2d Dept 1994]). This remedy is available "if one man has obtained money from another, through the medium of oppression, imposition, extortion or deceit, or by the commission of a trespass" (*Miller v Schloss* at 408; *see Parsa v State of New York, supra*). No allegation has been made and no evidence has been offered by plaintiff that defendants, through mistake, misconduct or illegality, obtained money from their former clients that belongs to plaintiff.

As to the third cause of action, an employer does not owe a fiduciary duty to an at-will employee (*see Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671 [2d Dept 2006]; *Weintraub v Phillips, Nizer, Benjamin, Krim & Ballon*, 172 AD2d 254 [1st Dept 1991]). Even an employer-employee relationship providing for the division of profits will not give rise to a fiduciary duty on the part of the employer without an agreement to also share losses (*Vitale v Steinberg*, 307 AD2d 107, 108 [1st Dept 2003]; *see Michnick v Parkell Prods.*, 215 AD2d 462 [2d Dept 1995]). Furthermore, there is no private right of action for a violation of the Code of Professional Responsibility (*see Kantor v Bernstein*, 225 AD2d 500 [1st Dept 1996]). As no evidence was submitted in opposition to the motion showing the existence of a fiduciary relationship between plaintiff and defendants, summary judgment dismissing the third cause of action is granted.

Finally, the branch of defendants' motion seeking summary judgment in their favor on the second cause of action is denied. A party asserting the defense of an accord and satisfaction must demonstrate that there was a dispute between the parties regarding a claim, that the parties reached a new agreement that a stipulated performance in the future would be accepted in satisfaction of all or part of the obligations under the original contract, and that the bargained-for performance due under the new agreement was tendered (*see Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375 [1993]; *Profex, Inc. v Town of Fishkill*, 65 AD3d 678 [2d Dept 2009]; *Pothos v Arverne Houses*, 269 AD2d 377 [2d Dept 2000]; *Trans World Grocers v*

*Sultana Crackers,* 257 AD2d 616 [2d Dept 1999]). In addition, the material terms of the accord must be reasonably certain for it to be binding on the parties (*see Altamuro v Capoccetta,* 212 AD2d 904 [3d Dept 1995], *lv denied* 85 NY2d 808 [1995]). Here, defendants' submissions fail to demonstrate as a matter of law the existence of a genuine dispute over money owed under the terms of plaintiff's employment agreement and that the parties entered into an accord with respect to plaintiff's claim for such money (*see Ognenovski v Wegman,* 275 AD2d 1013 [4th Dept 2000]; *Pomarc Assoc. v Beach Concerts,* 275 AD2d 402 [2d Dept 2000]; *Patel v Orma,* 190 AD2d 782 [2d Dept 1993]).

Accordingly, defendants' motion for summary judgment dismissing the complaint is granted as to the first and third causes of action, but denied as to the second cause of action.