■ JENNIFER A. MENDELSOHN, Appellant-Respondent, v STEVEN B. FERBER et al., Respondents-Appellants. [903 NYS2d 427]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 6, 2009, as granted those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action in the amended verified complaint, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the second cause of action in the amended verified complaint.

Ordered that the order is affirmed, without costs or disbursements.

From March 1995 to October 2004, the plaintiff worked for the defendants as an associate attorney, specializing in the areas of matrimonial and family law. In connection with such employment, the parties allegedly agreed that the plaintiff would be entitled to a percentage of certain fees earned by the defendants from clients brought in directly by her or referred to her.

In November 2005, after her employment with the defendants ended, the plaintiff started her own law practice, taking with her many of the defendants' clients from her areas of practice. Thereafter, the plaintiff allegedly asked the defendants to turn over to her any unearned retainer fees paid to the defendants by each of those clients pursuant to a retainer agree-

ment, as well as certain monies due and owing under the employment agreement, but the defendants refused. The plaintiff commenced this action to recover, inter alia, damages in the amount of the unearned retainer fees under theories of breach of contract and breach of fiduciary duty, and also to recover damages for the defendants' alleged breach of the employment agreement.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action to recover damages in the amount of the unearned retainer fees based on the defendants' alleged breach of contract by demonstrating that the plaintiff is neither a party to, nor a third-party beneficiary of, the contracts at issue, i.e., the retainer agreements between the defendants and the subject clients (*see East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461, 463 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Even assuming, as the plaintiff claims, that her first cause of action is, in fact, one for money had and received, it is still subject to dismissal since the plaintiff failed to allege in the amended verified complaint that the unearned retainer fees at issue belong to her, whether by assignment or otherwise (*see State of New York v International Asset Recovery Corp.*, 56 AD3d 849, 852 [2008]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.

Moreover, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the third cause of action to recover, inter alia, damages in the amount of the unearned retainer fees based on the defendants' alleged breach of their fiduciary duty owed to the plaintiff with respect to those funds under Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a), by demonstrating that the plaintiff failed to allege in the amended verified complaint that the unearned retainer fees belong to her (*cf.* Rules of Professional Conduct [22 NYCRR 1200.00] rule 1.15 [a]; *see generally Art Capital Group, LLC v Neuhaus*, 70 AD3d 605 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action.

The defendants, however, failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second cause of action to recover damages for their alleged breach of the employment agreement by demonstrating an ac-

cord and satisfaction (*see Altamuro v Capoccetta*, 212 AD2d 904, 905 [1995]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action regardless of the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Rivera, J.P., Florio, Miller and Austin, JJ., concur. **[Prior Case History: 26 Misc 3d 190.]**