*660 The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter ofAho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
On or about May 27, 2007, the plaintiff was detained by employees of the defendant BJ’s Wholesale Club, Inc. (hereinafter BJs), on suspicion of shoplifting. At her deposition, the plaintiff testified that she found a wallet and was on her way to the customer service desk to turn in the wallet when she was stopped. According to the plaintiff, BJs’ employees detained her for 1 to 1 1/2 hours, and told her that she needed to make a statement and sign documents in order to leave the store. The plaintiff commenced this action against BJs and one of its employees, the defendant Anthony Ferraro (hereinafter together the defendants), seeking to recover damages for false imprisonment, negligence, negligent and intentional infliction of emotional distress, and breach of contract. After issue was joined, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals, and we modify.
The Supreme Court erred in granting that branch of the defendants’ motion which was for summary judgment dismissing the cause of action to recover damages for false imprisonment based upon the defense afforded to merchants under General Business Law § 218. The plaintiff’s deposition testimony, submitted by the defendants in support of the motion, revealed the existence of triable issues of fact as to whether BJs’ employees had reasonable grounds to detain the plaintiff, whether the detention was conducted in a reasonable manner, and whether the detention was for a reasonable duration. Accordingly, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for false imprisonment (see General Business Law § 218; Restrepo v Home Depot U.S.A., Inc., 92 AD3d 857, *661 857 [2012]; see also Mullen v Sibley, Lindsay & Curr Co., 51 NY2d 924, 925-926 [1980]; Best v Genung’s, Inc., 46 AD2d 550, 552 [1975]). Moreover, contrary to the defendants’ contention, they did not establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence on the ground that the conduct of BJs’ employees was reasonable under the circumstances (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Since the defendants failed to satisfy their prima facie burden, those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for false imprisonment and negligence should have been denied without regard to the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
However, the Supreme Court properly granted those branches of the defendants’ motion which were for summary judgment dismissing the remaining causes of action, seeking to recover damages for breach of contract and negligent and intentional infliction of emotional distress. The defendants established, prima facie, that the acts allegedly committed by BJs’ employees did not rise to the level of extreme and outrageous conduct required to sustain causes of action alleging negligent and intentional infliction of emotional distress (see Lau v S&M Enters., 72 AD3d 497, 498 [2010]; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 720 [2003]; see also Tartaro v Allstate Indem. Co., 56 AD3d 758, 759 [2008]). Further, the defendants’ submissions demonstrated that the plaintiff was neither a party to, nor a third-party beneficiary of, an alleged contract between BJs and the plaintiffs mother (see Mendelsohn v Ferber, 73 AD3d 1139, 1140 [2010]; East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co., 39 AD3d 461, 463 [2007]). In opposition to the prima facie showing of the defendants, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
The parties’ remaining contentions either need not be reached in light of our determination or are not properly before this Court. Skelos, J.E, Florio, Lott and Miller, JJ., concur.