In an action, inter alia, to recover damages for negligent misrepresentation, negligence, professional malpractice, and breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme *836 Court, Richmond County (Minardo, J.), dated April 20, 2012, as granted those branches of the defendants’ motion which were for summary judgment dismissing the causes of action to recover damages for negligent misrepresentation, negligence, professional malpractice, and breach of contract.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court did not err in granting that branch of the defendants’ motion which was for summary judgment dismissing the cause of action to recover damages for negligent misrepresentation. The defendants established, prima facie, that they lacked privity of contract with the plaintiffs, and had no special relationship with the plaintiffs which approached privity. The plaintiffs failed to raise a triable issue of fact in opposition (see Ramsarup v Rutgers Cas. Ins. Co., 98 AD3d 494, 496 [2012]).
The Supreme Court also did not err in granting summary judgment dismissing the causes of action alleging negligence and professional malpractice. Like a cause of action alleging negligent misrepresentation, a viable cause of action alleging professional negligence or malpractice requires that the underlying relationship between the parties be one of privity of contract, or that the bond between them be so close as to be the functional equivalent of privity (see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424 [1989]; Bullmore v Ernst & Young Cayman Is., 45 AD3d 461, 464 [2007]; Tycon Tower I Inv. Ltd. Partnership v Burgee Architects, 234 AD2d 748, 749 [1996]; Tambrands, Inc. v Lockwood Greene Engrs., 178 AD2d 406, 408 [1991]). Here, the defendants established, prima facie, that no such relationship existed between the parties. The plaintiffs failed to raise a triable issue of fact in opposition.
Finally, the Supreme Court did not err in granting summary judgment dismissing the cause of action alleging breach of contract. The defendants demonstrated, prima facie, that the plaintiff was neither a party to, nor a third-party beneficiary of, the contract at issue (see Mendelsohn v Ferber, 73 AD3d 1139, 1140 [2010]). The only parties to the contract at issue were the defendants and the third-party defendant Leewood Real Estate Group, and no intent to benefit the plaintiffs is apparent from the face of the contract (see East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co., 39 AD3d 461, 463 [2007]). The plaintiffs failed to raise a triable issue of fact in opposition. Rivera, J.E, Dickerson, Leventhal and Hall, JJ., concur.