CITY OF NEW YORK, Appellant, v COTRONEO & MARINO'S UNITED ELECTRIC CO., INC., Respondent. COTRONEO & MARINO'S UNITED ELECTRIC CO., INC., Respondent, v CITY OF NEW YORK et al., Appellants. [703 NYS2d 79] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered July 28, 1998,

which, in an action by plaintiff City against defendant contractor to recover liquidated delay damages under a construction contract, granted the contractor's motion to dismiss the complaint as barred by the Statute of Limitations, unanimously affirmed, without costs. Order, Supreme Court, New York County (Louis York, J.), entered on or about November 19, 1998, which, in an action by plaintiff contractor against defendant City for payment due under the same construction contract, denied the City's motion to strike the contractor's note of issue, and granted the contractor's cross motion for partial summary judgment, unanimously modified, on the law and the facts, to allow the City to assert delay damages as a defense, to strike the note of issue so as to allow disclosure on that issue, and to deny the contractor's cross motion for summary judgment, and otherwise affirmed, without costs.

The subject construction contract provided that all work was to be completed by February 26, 1991, failing which the contractor would owe the City $100 in liquidated damages for each day the project ran beyond that day. It is undisputed that the work was not completed until January 8, 1992. The City's action to recover these liquidated damages was properly dismissed on the ground that the six-year Statute of Limitations began to run, as the contractor urges, on February 27, 1991, at which time the City had a cause of action for $100, and not, as the City urges, from January 8, 1992, when the work was completed. It is well settled that a cause of action for a breach of contract occurs at the time of the breach though no damage, other than nominal, occurs until later (*Ely-Cruikshank v Bank of Montreal*, 81 NY2d 399). Cases against contractors fixing accrual upon completion of the work (*e.g.*, *City School Dist. v Stubbins & Assocs.*, 85 NY2d 535) are distinguishable in that they involved claims for defective construction.

While the City's action for liquidated delay damages was properly dismissed as time-barred, it was error, in the contractor's action against the City, to preclude the City from asserting such damages as a setoff against any payments that would otherwise be due the contractor had there been no delay, and to grant the contractor summary judgment in that action. A claim that is time-barred or otherwise precluded may constitute a defense not subject to the bar that precludes assertion of the claim affirmatively (*see, e.g., Northfield Eng'g v Felix Indus.*, 77 NY2d 332). Here, the City's defense is that the delay was a breach of contract. There being an issue of fact as to whether the delay was caused by the contractor, the note of issue should have been stricken for disclosure on that and any

related issues that the contractor might raise in response. Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.