■ WILLIAM WELWART, Appellant, v DATAWARE ELECTRONICS CORP. et al., Respondents. [717 NYS2d 220] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Richmond County (J. Leone, J.), dated November 9, 1999, which granted the defendants' motion to dismiss the complaint and denied, as academic, his cross motion to disqualify the defendant's attorney.

Ordered that the order is affirmed, with costs.

In 1987, the plaintiff commenced an action against the defendants alleging breach of a 1981 agreement to issue to him shares of common stock in a closely-held corporation with which he was then employed, and conversion of the dividends issued on those stock shares. Because the plaintiff failed to pursue the litigation, the court dismissed the action as abandoned in 1992. The plaintiff sought to restore the matter to the calendar in 1996, and, thereafter sought to amend the complaint to include allegations of fraud in connection with the diversion of dividends and profits, asserting causes of action as an individual, and derivatively, as a shareholder. The Supreme Court denied the motions in 1998. In 1999, the plaintiff commenced the instant action, filing a complaint in which the allegations are virtually identical to those in the earlier proposed amended complaint. The defendants moved to dismiss the complaint on the grounds, *inter alia,* that the causes of action are barred by the Statute of Limitations, collateral estoppel, and laches. The Supreme Court granted the defendants' motion on the basis of laches.

The order appealed from should be affirmed, but for a reason different from that advanced by the Supreme Court. The com-

plaint should be dismissed on the basis of the Statute of Limitations set forth in CPLR 213, since the causes of action are, essentially, based upon the alleged fraud of the defendants in depriving the plaintiff of shares of stock and diverting the profits of the corporation. Contrary to the plaintiff's contention that the causes of action accrued each time profits were diverted, the limitations period is measured from the date of the initial alleged breach in 1981 when the defendants allegedly deprived the plaintiff of his right to the shares and began diverting profits, regardless of when the damages began to accrue (*see, Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402; *Goldman v Turner,* 858 F Supp 49 [SD NY 1994]; *City of New York v Cotroneo & Marino's United Elec. Co.,* 269 AD2d 154; *Rabouin v Metropolitan Life Ins. Co.,* 182 Misc 2d 632, 638). Since the applicable limitations period of six years has expired, the plaintiff is barred from maintaining this action.

In light of our determination it is unnecessary to reach the plaintiff's remaining contentions. Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.