■ HOSSEIN AMIRTHMASEBI, Appellant, v HERTZEL BENYAMINI et al., Respondents. [760 NYS2d 887] —In an action to recover damages for breach of contract and unjust enrichment, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), entered July 11, 2002, as, after a nonjury trial, deemed the defendants' motion for summary judgment to dismiss the complaint to be a motion pursuant to CPLR 4401, granted the motion, and dismissed the complaint in its entirety with prejudice.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff brought this action to recover damages for breach of contract and unjust enrichment. The action is based on the plaintiff's claim to a share of the proceeds of the sale of real property located in Brick Township, New Jersey. The closing occurred on September 11, 1992. The plaintiff alleges that he is entitled to a share of the proceeds as a shareholder of the defendant Center Moriches Development, Inc. (hereinafter CMD). The plaintiff's causes of action accrued on the closing date, and therefore this action, which was commenced in October 1998, is time-barred by the applicable six-year statute of limitations (*see* CPLR 203, 213; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402 [1993]; *Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 175 [1986]; *Welwart v Dataware Elecs. Corp.,* 277 AD2d 372 [2000]). Contrary to the plaintiff's asser-

tions, the causes of action did not accrue when the alleged $540,000 commission was paid on December 4, 1992, which payment was just another diversion of the profits allegedly owed as of the closing (*see Welwart v Dataware Elecs. Corp., supra*). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.