Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered September 12, 2007, which granted defendants’ motion to dismiss the complaint, unanimously, affirmed, with costs.
There is admittedly no contractual privity between the parties, and the court properly found that plaintiff contractor failed to state a cause of action under any of the theories set forth in the complaint because it failed to demonstrate the “functional equivalent of contractual privity” under the three prong test set forth in Ossining Union Free School Dist. v Anderson LaRocca Anderson (73 NY2d 417, 419 [1989]). In Ossining the Court of Appeals rejected the argument that reliance on plans and specifications included in the bid package constituted the functional equivalent of privity, holding that any asserted reliance must be by a known party and not a class of potential parties, such as future bidders. Even were we to find that a class composed of prequalified bidders was sufficiently known for purposes of Ossining, the prequalified bidders were simply not “known” at the time of the complained-of conduct.
Because the complaint was properly dismissed for these reasons, we need not address the statute of limitations issue. Concur—Tom, J.P, Saxe, Sweeny, Catterson and DeGrasse, JJ.