09-2548-cv
Lyman v. CSX Transp., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February , two thousand ten.

PRESENT:  GUIDO CALABRESI,
           REENA RAGGI,
           RICHARD D. CUDAHY,[*]
                *Circuit Judges.*

--------------------------------------------------------------------------

ARTHUR J. LYMAN,

                *Plaintiff-Appellant,*

         v.                       No. 09-2548-cv

CSX TRANSPORTATION, INC.,

                *Defendant-Appellee.*

--------------------------------------------------------------------------

APPEARING FOR APPELLANT:      MARY E. DIXON, White and Williams LLP, Philadelphia, Pennsylvania.

APPEARING FOR APPELLEE:      DAN HIMMELFARB, Mayer Brown LLP, Washington, D.C. (Melanie Wilson Rughani, Mayer Brown LLP, Washington, D.C., Scott A. Barbour, Matthew P. Barry, McNamee, Lochner,

---

[*] Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

Titus & Williams, P.C., Albany, New York, *on the brief*).

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 22, 2009, is AFFIRMED.

Plaintiff Arthur J. Lyman, a stevedore, appeals an award of summary judgment in favor of his employer CSX Transportation, Inc. ("CSXT"), on Lyman's Federal Employers' Liability Act ("FELA") claim, 45 U.S.C. § 51 et seq., for negligent failure to provide a safe work environment, causing him to suffer a bruised knee. Our standard of review is de novo, see Ollman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 245 (2d Cir. 2008), and we will affirm only if the record, viewed in the light most favorable to Lyman, reveals no genuine issue of material fact, see Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    FELA

FELA provides, in pertinent part, that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of . . . such carrier." 45 U.S.C. § 51. We have held that FELA adopts a relaxed standard for both negligence and

causation, see Williams v. Long Island R.R., 196 F.3d 402, 406 (2d Cir. 1999); Ulfik v. Metro-North Commuter R.R., 77 F.3d 54, 58 & n.1 (2d Cir. 1996), and that "[t]he right of the jury to decide issues of fact should . . . be liberally construed," Ulfik v. Metro-North Commuter R.R., 77 F.3d at 58. Nevertheless, "FELA is not a strict liability statute." Williams v. Long Island R.R., 196 F.3d at 406. "Claimants must at least offer some evidence that would support a finding of negligence." O'Hara v. Long Island R.R., 665 F.2d 8, 9 (2d Cir. 1981).

     2.      CSXT's Alleged Negligent Failure To Warn of License Plate Holder

Plaintiff asserts that CSXT negligently failed to provide a safe work environment because it did not inspect the vehicle at issue and warn employees of the risks presented by license plate holders such as the one on which plaintiff bruised his knee. "Reasonable care is determined in light of whether or not a particular danger was foreseeable." Syverson v. Consol. Rail Corp., 19 F.3d 824, 826 (2d Cir. 1994) (citing Gallick v. Baltimore & Ohio R.R., 372 U.S. 108, 117 (1963)). In Syverson, we allowed a negligence claim to go forward because the employer had received complaints about the alleged hazard and another employee had suffered injury in the past. 19 F.3d at 827. In this case, plaintiff adduced no evidence indicating that CSXT knew or should have known that license plate holders posed a risk to workers or even that one was affixed to the vehicle in question. See Higgins v. Metro-North R.R., 318 F.3d 422, 427 (2d Cir. 2003) (holding that plaintiff who fails to demonstrate employer's awareness of any particular threat posed by circumstance at issue

3

cannot prove negligence); Gallose v. Long Island R.R., 878 F.2d 80, 85 (2d Cir. 1989) ("The catalyst which ignites th[e] duty is knowledge, either actual or constructive."). Nor has plaintiff adduced any evidence suggesting that it would have been reasonable or beneficial for CSXT to undertake a program of inspection that might have revealed the challenged license plate holder when employees, including plaintiff, already knew that some vehicles were equipped with such fixtures. Accordingly, like the district court, we conclude that plaintiff has not adduced sufficient evidence to permit a jury finding that CSXT was negligent in failing to warn him of the complained-of license plate holder.

### 3.    CSXT's Alleged Negligence Regarding Chock Straps and Lighting

Plaintiff also contends that his workplace was unsafe because (a) the Nissan vehicle that allegedly injured him was "over-restrained," such that it inched forward when plaintiff removed the chock straps securing it, Appellant's Br. at 28, and (b) it was too dark for him to see the license plate holder. The district court noted that these claims "need not be considered" because plaintiff raised them for the first time in opposition to summary judgment. Hr'g Tr. at 16. We agree with the district court. See Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006) (declining to reach merits of argument raised for first time in opposition to summary judgment); Syracuse Broad. Corp. v. Newhouse, 236 F.2d 522, 525 (2d Cir. 1956) (holding that district court was "justified" in "brush[ing] aside" further argument not alleged in complaint but raised for first time in opposition to summary judgment); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

4

Procedure § 1183, at 23 n.9 (3d ed. 2004) ("An opposition to a summary judgment motion is not the place for a plaintiff to raise new claims.").

Plaintiff submits that his general complaint that "the defendant railroad negligently, recklessly and carelessly failed to provide plaintiff with a reasonably safe place to work" and "negligently, recklessly and carelessly assigned the plaintiff to work in dangerous or hazardous conditions" sufficiently raises these claims. Compl. ¶ 8. Further, plaintiff contends that his answers to defendant's interrogatories alerted CSXT to his complaint that the strap tension was too tight and that the work environment was too dark. We have reviewed plaintiff's complaint and interrogatory response, and we conclude that they were insufficient to put defendant on notice of plaintiff's new negligence claims. See Greenidge v. Allstate Ins. Co., 446 F.3d at 361 ("[T]he central purpose of a complaint is to provide the defendant with notice of the claims asserted against it . . . ."). While plaintiff's interrogatory answers contained a brief reference to the fact that "[t]he particular automobile . . . was strapped down very tightly," Pl.'s Answers to Interogs. ¶ 17, they clearly attributed defendant's negligence to the challenged license plate holders, see id. ¶¶ 18 ("The defendant failed to notify its employees . . . that the cars on the autorack rail car had license plate brackets mounted to the front bumpers, which condition reduced the amount of distance between the cars on autorack rail cars and created a hazardous condition."), 19 ("The defendant should have had regulations and/or policies in place to warn its employees of the dangerous condition created by the existence of license plate brackets on cars loaded on

5

autorack rail cars."), 21 ("The license plate bracket was unusual and the plaintiff would not have been injured had it not been mounted on the front of the vehicle he was working with at the time."). Finally, we note that plaintiff could have sought leave to amend his complaint, but did not do so. Accordingly, we cannot conclude that the district court abused its discretion in failing to consider plaintiff's new theories of liability. See Greenidge v. Allstate Ins. Co., 446 F.3d at 361 ("[A] district court does not abuse its discretion when it fails to grant leave to amend a complaint without being asked to do so.").

We have considered plaintiff's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6