12-0768-cv
*Christine Falls Corporation et al v. U.S. Bank National Association et al*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand thirteen.

PRESENT:

>JOHN M. WALKER,
>DEBRA ANN LIVINGSTON,
>DENNY CHIN,

>*Circuit Judges.*

_____

CHRISTINE FALLS CORPORATION, TRAFALGAR POWER, INC.

>*Petitioners-Appellants,*

>-v.-                                               No. 12-0768-cv

U.S. BANK NATIONAL ASSOCIATION, FKA STATE STREET BANK & TRUST COMPANY OF CONNECTICUT,

>*Respondents-Appellees.*

ALGONQUIN POWER CORPORATION, INCORPORATED, ALGONQUIN POWER INCOME FUND,

1

ALGONQUIN POWER FUND CANADA, INC.,

*Third Party Defendants*

STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, N.A.,

*Defendant*

_____

DAVID M. CAPRIOTTI ,
Harris Beach PLLC, Pittsford, NY, *for Petitioners-Appellants*.

JILL M. O'TOOLE (Kathleen M. LaManna, Sheila A. Huddleston, on the brief), Shipman & Goodwin LLP, Hartford, CT, *for Respondent-Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioners-Appellants Christine Falls Corporation and Trafalgar Power ("Trafalgar") appeal from an Amended Judgment entered on May 15, 2012, which incorporated a February 21, 2012 decision and order of the United States District Court for the Northern District of New York (Hurd, *J.*) granting summary judgment in favor of U.S. Bank National Association, FKA State Street Bank & Trust ("Bank"), on Trafalgar's breach of fiduciary duty, breach of contract, and accounting claims; a September 17, 2009 summary order affirming the Magistrate Judge's order striking Trafalgar's jury trial demand; and a February 10, 2009 order dismissing Trafalgar's tort claims.

The facts of this case are well known. The underlying events have been the subject of several consolidated actions, litigation has spanned more than a decade, and this is one of several appeals we have heard. We assume the parties' familiarity with the background of this case and the issues on appeal.

\* \* \*

We review the district court's dismissal of claims on a motion to dismiss *de novo*, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (internal citations omitted). This Court reviews the district court's grant of summary judgment *de novo* and will affirm where there are no genuine issues of material facts to be tried and where the facts warrant entry of summary judgment in the moving party's favor as a matter of law. *Velez v. Sanchez*, 693 F.3d 308, 313-14 (2d Cir. 2012).

**1. Fiduciary Duty Claim**

The district court granted the Bank summary judgment on Trafalgar's breach of fiduciary duty claim because the undisputed facts demonstrate that the Bank did not owe Trafalgar a fiduciary duty. We conclude that this determination was correct and that in the absence of a fiduciary relationship between Trafalgar and the Bank,

3

the district court correctly granted summary judgment as to this claim. *See Biller Assocs. v. Peterken*, 849 A.2d 847, 851 (Conn. 2004).

Trafalgar recognizes that the Amended and Restated Collateral Trust Indenture ("Indenture") does not provide that the Bank owes Trafalgar fiduciary duties. But as we have said before, "[u]nlike the ordinary trustee, who has historic common-law duties imposed beyond those in the trust agreement, an indenture trustee['s]...duties and obligations are exclusively defined by the terms of the indenture agreement." *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 816 (2d Cir. 1985). In this case, moreover, the Indenture itself expressly prohibits implied duties in § 9.1(a)(i). *See* Indenture § 9.1(a)(i) ("[T]he Security Trustee undertakes to perform, and shall perform, such duties and only such duties as are specifically set forth in this Indenture, and no implied covenants or obligations shall be read into this Indenture against the Security Trustee."). Section 9.1(e) makes this provision applicable to the entire Indenture.

Furthermore, even if we assume *arguendo* that implying fiduciary duties as to the Bank is permissible pursuant to Connecticut law, the relationship of these parties, based on undisputed record facts, does not give rise to fiduciary obligations. Fiduciary duties are implied under Connecticut law when there is a "unique degree

4

of trust and confidence between the parties such that the defendants undertook to act primarily for the benefit of the plaintiff." *Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 761 A.2d 1268, 1279-80 (Conn. 2000) (internal quotation marks omitted).[1] A business relationship is not sufficient to "implicate the duty of a fiduciary." *Id.* at 1278. Only where one party is in "a relationship of dependency, or was under a specific duty to act for the benefit" of the other party, does a fiduciary relationship exist. *Id.* Where "the parties were either dealing at arm's length, thereby lacking a relationship of dominance and dependence, or the parties were not engaged in a relationship of special trust and confidence," a fiduciary duty does not exist. *Id.* at 1279.

The undisputed facts in this case show that the Bank and Trafalgar entered into a business transaction in which the Bank would serve as security trustee. Its obligations were negotiated with Trafalgar and the noteholders. There was no unique degree of trust between the Bank and Trafalgar pursuant to which the Bank would work primarily for Trafalgar's benefit. Indeed, after an event of default, the Indenture provides that the Bank is to act exclusively for the benefit of the noteholders. Trafalgar's contention that it was owed fiduciary duties thus fails as

---

[1]The parties agree that Connecticut law applies to the interpretation of the Indenture.

a matter of law and the district court properly granted summary judgment as to Trafalgar's breach of fiduciary duty claim. *Cf. Golden W. Ref. v. Pricewaterhouse*, 392 F. Supp. 2d 407, 414 (D. Conn. 2005) (granting summary judgment in the absence of facts "suggesting a relationship of special trust or dependence beyond the run-of-the-mill commercial reliance of one company on the services of another").

In any event, Trafalgar's breach of fiduciary duty claims are also time-barred. The limitation period in this case, where Trafalgar is seeking money damages, is three years, *IDT Corp v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009) (noting that the length of the statute of limitations is three years when the plaintiff seeks damages and six years when he asks for equitable relief), and begins to run when the "fiduciary openly repudiates the role." *Access Point Medical, LLC v. Mandell*, 963 N.Y.S.2d 44, 47 (N.Y. App. Div. 2013). By late September 1999, it was readily apparent to Trafalgar that the Bank had openly repudiated whatever relationship of dependence that Trafalgar could claim to have existed when the Bank followed the noteholders' instructions exclusively and took control of the funds to Trafalgar's detriment as detailed below. This action was not filed until more than six years later.

**2. Contract and Tort Claims**

We further conclude that the district court properly dismissed Trafalgar's breach of contract and tort claims because these claims are barred by the statute of limitations and Trafalgar failed to raise a material issue of fact to the contrary.[2] As to the contract claim, a six year statute of limitations governs, *see* N.Y. C.P.L.R. § 213(2), and the statute commences to run when the contract is breached. *See, e.g., T & N PLC v. Fred S. James & Co.*, 29 F.3d 57, 60 (2d Cir. 1994). Trafalgar alleges that the Bank breached the Indenture by approving disbursement requests not in compliance with the Indenture's terms and argues that any disbursements by the Bank, including those made after the noteholders had declared an event of default and under the supervision of the bankruptcy court, restart the limitations period. We disagree.

Declaring an event of default on the part of Trafalgar, the noteholders gave the Bank instructions on September 14, 1999 to take possession of the funds in the operating bank account and to remit the funds to the noteholders on an ongoing basis. The Bank complied with these instructions no later than September 20, 1999.

---

[2]The parties agree that New York statute of limitations, accrual, and tolling rules apply. In light of our disposition here, we do not address the district court's holding that Trafalgar's tort claims are barred by the economic loss rule.

Pursuant to Trafalgar's theory that the Bank thereby breached its obligations under the Indenture, payments occurring after this date, including those under the direction and supervision of the bankruptcy court, do not constitute a new breach for statute of limitations purposes. Instead they are "just another diversion of [monies]" following the earlier breach pursuant to which the Bank had already repudiated any contractual obligations owed to Trafalgar. *Amirthmasebi v. Benyamini*, 760 N.Y.S.2d 887, 887-88 (N.Y. App. Div. 2003); *Welwart v. Dataware Elecs. Corp.*, 717 N.Y.S.2d 220, 221 (N.Y. App. Div. 2000) (limitations period began when defendants first began diverting profits, not each time profits were subsequently diverted). Thus, the last date that Trafalgar's breach of contract claim could have accrued was September 20, 1999. Because Trafalgar failed to file its Complaint until December 2005, its claims are time-barred.

All of Trafalgar's tort claims are similarly barred by the statute of limitations. A three year statute of limitations applies to Trafalgar's conversion and negligence claims, and a six year limit applies to its claim for constructive fraud. N.Y. C.P.L.R. §§ 214(3) (conversion), 214(4) (negligence), 213(8) (fraud). Trafalgar's initial Complaint alleged wrongful conduct in connection with the Bank's disbursements. Trafalgar's Amended Complaint (filed on August 13, 2008) asserted additional tort

allegations regarding the Bank's role in taking control of the operating account on behalf of the noteholders after the noteholders declared an event of default in September 1999. Trafalgar's theory is that the Bank wrongfully carried out the noteholders' instructions and thereby wrongfully assumed control of the operating account for the exclusive benefit of the noteholders. Thus, under Trafalgar's theory, the tort (assuming it occurred) was completed by September 20, 1999 when the Bank took control of the operating account on behalf of the noteholders, thereafter taking "possession of all sums on deposit with [the Bank] … and remit[ting] all such funds to [Algonquin]." Thus, even if the Amended Complaint relates back, Trafalgar's tort claims are barred by the statute of limitations because they were not brought within six years of the date of accrual.

Affirming the dismissal of Trafalgar's claims, we need not and do not address Trafalgar's argument that it is entitled to a jury trial. We have reviewed Trafalgar's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk