17-657-cv
Stapleton v. Barrett Crane Design & Eng'g

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand eighteen.

PRESENT:
   RALPH K. WINTER,
   DEBRA ANN LIVINGSTON,
   DENNY CHIN,
    *Circuit Judges.*

———————————————————————————

KELLY BEAUDIN STAPLETON, solely in her capacity as Trustee of the SGK Ventures, LLC Liquidating Trust,

    *Plaintiff-Appellant*,

   v.            17-657-cv

BARRETT CRANE DESIGN & ENGINEERING, a proprietorship, PAVILION BUILDING INSTALLATIONS SYSTEMS LTD., a Canadian corporation, ZEHN BURHAM UZMAN, an individual, DOUGLAS BARRETT, an individual,

    *Defendants-Counter-Claimants-Cross-Defendants-Appellees*,

LI ZHI CAO, an individual,

    *Defendant-Cross-Defendant-Appellee.*

———————————————————————————

| For Plaintiff-Appellant: | CHARLES KELLY (Sharon Angelino, Goldberg Segalla LLP, Buffalo, NY, *on the brief*), Saul Ewing LLP, Pittsburgh, PA. |
|---|---|
| For Barrett Crane Design & Engineering and Douglas Barrett: | BRIAN SUTTER (Jenna W. Klucsik, *on the brief*), Sugarman Law Firm, LLP, Syracuse, NY. |
| For Zehn Burham Uzman: | PETER A. LAURICELLA, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Albany, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kelly Beaudin Stapleton, solely in her capacity as Trustee of the SGK Ventures, LLC Liquidating Trust (hereinafter "Keywell"),[*] appeals from the district court's February 1, 2017 order granting summary judgment to Defendants-Counter-Claimants-Cross-Defendants-Appellees Zehn Burhan Uzman ("Uzman") and Douglas Barrett and Barrett Crane Design & Engineering (collectively, "Barrett"). Keywell entered into a Master Agreement with a general contractor, Pavilion Building Installation Systems, Ltd. ("Pavilion") in order to build a certain structure for Keywell's business operations (the "Structure"). After the Structure was built, Keywell brought breach of contract and professional negligence claims against Pavilion and Li Zhi Cao (a Pavilion employee) alleging that the design of the Structure did not fulfill the requirements of the Master Agreement. Keywell also brought these same claims against Uzman and Barrett, alleging that they were liable for professional negligence and for breach of contract

---

[*] Keywell LLC was the original plaintiff in this action. After Keywell filed for bankruptcy and was liquidated, Stapleton was substituted as plaintiff.

2

pursuant to the Master Agreement. Default judgments were entered against Pavilion and Cao earlier in the litigation. This appeal focuses solely on the district court's grant of summary judgment in favor of Uzman and Barrett.

We review the district court's grant of summary judgment de novo, construing all evidence and drawing all inferences in the light most favorable to the non-moving party at the summary judgment stage. *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011). We "may affirm on any basis that finds support in the record." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citation omitted). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But even though we view the evidence in favor of the non-moving party, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal alterations and quotation marks omitted). We cannot merely "rely on conclusory allegations or unsubstantiated speculation" to defeat a motion for summary judgment. *Id.* at 554 (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Privity or the Functional Equivalent of Privity

We agree with the district court that no jury could reasonably find that Keywell was in a relationship of privity or its functional equivalent with Uzman and Barrett based on the Master Agreement, in the factual circumstances of this case. The district court thus correctly granted summary judgment in favor of Uzman and Barrett insofar as Keywell's breach of contract and professional negligence claims were based on duties allegedly derived from this Agreement. In New York, "[l]iability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties." *Hamlet at Willow Creek Dev. Co. v. Ne. Land Dev. Corp.*, 878

3

N.Y.S.2d 97, 111 (2d Dep't 2009). However, "[e]ven if the plaintiff is not a party to [an] underlying construction contract, the [breach of contract] claim may accrue upon completion of the construction where the plaintiff is not a 'stranger to the contract,' and the relationship between the plaintiff and the defendant is the 'functional equivalent of privity.'" *Town of Oyster Bay v. Lizza Indus., Inc.*, 4 N.E.3d 944, 948 (N.Y. 2013) (quoting *City Sch. Dist. of City of Newburgh v. Hugh Stubbins & Assocs., Inc.*, 650 N.E.2d 399, 401 (N.Y. 1995)). New York similarly limits professional negligence claims to situations where the relationship between the plaintiff and the defendant is either "one of privity of contract, or . . . the bond between them [is] so close as to be the functional equivalent of privity." *Perfetto v. CEA Engineers, P.C.*, 980 N.Y.S.2d 788, 789 (2d Dep't 2014) ("Like a cause of action alleging negligent misrepresentation, a viable cause of action alleging professional negligence or malpractice requires that the underlying relationship between the parties be one of privity of contract, or that the bond between them be so close as to be the functional equivalent of privity." (citing *Ossining Union Free Sch. Dist. v. Anderson LaRocca Anderson*, 539 N.E.2d 91, 95 (N.Y. 1989))). Courts apply a three-part test to determine whether the functional equivalent of privity exists: "(1) awareness that the [work product was] to be used for a particular purpose or purposes; (2) reliance by a known party or parties in furtherance of that purpose; and (3) some conduct by the defendants linking them to the party or parties and evincing defendant's understanding of their reliance." *Ossining*, 539 N.E.2d at 95 (discussing the functional equivalent of privity test in the context of a negligence claim); *see also Bri-Den Const. Co. v. Kapell & Kostow Architects, P.C.*, 867 N.Y.S.2d 437, 438 (1st Dep't 2008) (discussing "'functional equivalent of contractual privity' under the three prong test in *Ossining*" in the context of a breach of contract claim); *Newburgh*, 650 N.E.2d at 401 (same).

4

The Master Agreement did not establish a privity relationship between Keywell and Uzman or Barrett. Only Keywell and Pavilion signed the Master Agreement. There is no evidence that Uzman and Barrett were even aware of the Master Agreement, much less intended to be bound by it. *Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 46 (1st Dep't 2009) ("To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound . . . . That meeting of the minds must include agreement on all essential terms . . . ." (citations omitted)). Keywell also failed to raise a material issue of fact as to whether the functional equivalent of privity existed here. To satisfy the third prong of New York's functional equivalent of privity test, "there must be some allegation of 'linking conduct' by the [professional], that is, 'any word or action on the part of the [professional] directed to plaintiffs,' so as to 'link' the [professional] to the non-client." *See Houbigant, Inc. v. Deloitte & Touche LLP*, 753 N.Y.S.2d 493, 495 (1st Dep't 2003) (citation omitted); *see also RLI Ins. Co. v. King Sha Grp.*, 598 F. Supp. 2d 438, 443 (S.D.N.Y. 2009) ("When an owner and subcontractor engage in direct dealings . . . the 'functional equivalent of privity' may be established despite the lack of a formal contract." (citing *Newburgh*, 650 N.E.2d at 401)). Here, Keywell admits that Uzman and Barrett had no direct contact with Keywell at all. Keywell argues, however, that "linking conduct" was established because Uzman's name was stamped on drawings of the Structure. But there is no evidence that Uzman conveyed these drawings to Keywell, or otherwise had any direct contact or communication with Keywell concerning them. It is undisputed, moreover, that the design of the Structure ultimately built was different from the design depicted in the drawings stamped by Uzman. In light of the undisputed facts in this record, the evidence is not sufficient in the circumstances here to raise a "genuine dispute" as to whether a relationship of privity or its equivalent existed between Uzman and Keywell. Fed. R. Civ. P. 56(a); *see*

5

*Jeffreys*, 426 F.3d at 554 ("[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." (internal alterations and quotation marks omitted)).

## II.    Third-Party Beneficiary Rights

A plaintiff who is not in privity with a defendant may also bring a breach of contract claim by "asserting third-party beneficiary rights under a contract." *Logan-Baldwin v. L.S.M. Gen. Contractors, Inc.*, 942 N.Y.S.2d 718 (4th Dep't 2012) (citation and internal quotation marks omitted). Keywell now argues that it was a third-party beneficiary of the oral contracts that Uzman and Barrett entered into with Pavilion. But Keywell raised this argument too late. Keywell's complaint focused exclusively on alleged breaches of the Master Agreement and its amendments. Keywell first raised the third-party beneficiary theory of liability in its opposition to summary judgment. As a result, the district court did not abuse its discretion in refusing to consider the merits of Keywell's third-party beneficiary theory of liability. *See, e.g.*, *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (affirming district court's decision not to reach the merits of an argument "raised . . . for the first time in [plaintiffs'] papers opposing the [] motion for summary judgment" when plaintiffs failed to move to amend or move for reconsideration); *see also Lyman v. CSX Transp., Inc.*, 364 F. App'x 699, 701–02 (2d Cir. 2010) (summary order).

*        *        *

We have considered Keywell's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6